## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF VERMONT.

---

## RUTLAND COUNTY, FEBRUARY TERM,
## A. D. 1803.

---

*JONATHAN ROBINSON*, Chief Judge.
*ROYALL TYLER*,  } *Assistant Judges.*
*STEPHEN JACOB*,

---

SIMEON FRANCIS, Plaintiff and Appellant,
*against*
The Administrators of SAMUEL LATHROPE.

Upon an appeal from the report of commission-ers on an insol-vent estate, the Court will al-low a declara-tion to be filed on payment of costs, provided the nature of the plaintiff's claim can be understood by the certified copies from the registry of probate.

THIS was an appeal from the report of commis-sioners upon an insolvent estate. The appellant en-tered the certified copies from the registry of probate, but had omitted to file a declaration, although the na-

ture of his claim might be understood from the certified record.

The statute provides, " That if any creditor shall exhibit his claim or demand against any such estate so represented *insolvent* as aforesaid, to the commissioners as before mentioned, and the said commissioners shall disallow it wholly or in part; such creditor, conceiving himself aggrieved by the judgment and determination of the commissioners, may, at the time such commissioners shall make report and return to the Judge as before mentioned, or within twenty days afterwards, if such demand, so disallowed, in whole amounted to twenty dollars, or if the sum allowed by the commissioners of any demand exhibited be twenty dollars less than the sum demanded, appeal from the judgment and determination of the commissioners to the Supreme Court, next to be holden in the same County, whether the same be an adjourned or stated session of the said Court, signifying to the Judge in writing such his desire, and *filing in the probate office a declaration of his demand* against such estate, drawn up with the same legal certainty as is required in prosecuting demands in the Courts of Law; and the Judge shall cause the executor or administrator to be served with a copy of such declaration, and of the appeal made by such creditor, at least twelve days before the sitting of such Court, if there shall be so many days between the time of filing such declaration and the time of the session of said Court; and if there shall not be so long a time, then the copy aforesaid shall be served as soon as may be, and the creditor may, at the Court to which the appeal is made, on the first day of the sitting of said Court, enter his action

<div style="margin-left">Francis<br>v.<br>Lathrope's Ad-<br>ministrator.</div>

as plaintiff against the executor or administrator, and shall produce an attested copy of such his declaration, and a certificate from the Judge of Probate that notice hath issued to the executor or administrator thereon, and upon such declaration such pleadings may be had, and the matter issued in the same way and manner as though such action had been commenced in the ordinary and usual way, and had been entered in said Supreme Court by way of appeal from the County Court; and the said Supreme Court shall certify to the Judge of Probate the judgment they shall give thereon, &c. &c. And if the creditor shall fail to enter his action in manner and season as before directed, his demands shall be for ever barred," &c.

And now on motion, the Court allowed the appellant a day to file his declaration with the Clerk of the Court, under a rule that he should pay the administrators their costs, and tax no costs at this term, in case he eventually prevailed in the suit, and that he should at a day prescribed, serve the administrators with a copy of his declaration.

<div style="text-align: right">Cause continued.</div>

