EXECUTORS OF RICHARD HOWE, Appellants, *v.* R. M. PRATT *et al.* Appellees.

RUTLAND,
January,
1839.

On an appeal from a court of probate, the party appealing must file objections to the decree appealed from, to which the other party may plead.

When an appeal is taken by executors from a decree of the probate court, disallowing a will, if they do not state their objections to the decree, a general allegation on the part of the appellees, that the deceased made no legal will, is sufficient.

THE court of probate, for the district of Fairhaven, disapproved and disallowed an instrument, presented for probate, purporting to be the last will and testament of Richard Howe, deceased. From the decree of that court, disallowing said instrument, an appeal was claimed by the persons named therein, as executors, which was allowed. The appellees were heirs at law of the said Howe.

The appellants did not file any objections to the decree of the probate court or make any affirmative declaration, which the appellees could answer; but the latter filed what was termed a plea, alleging, in substance, that the deceased made no will, but died intestate. To this plea the appellants demurred specially.

*P. Smith,* for appellants.

1. The plea is general, uncertain, and no single, certain or particular issue can be made or formed upon it. 1 Chit. Plead. 691. Gould's Plead. 356. Com. Dig. Pleader, R. 4. Coke Litt. 126, a. 5 Conn. Rep. 508.

2. It involves matters of law with matters of fact, and is incapable of trial. 1 Chit. Pl. 573.

3. Objections to the will should have been stated distinctly, so that the issues of law might be closed to the court and the issues of fact to the jury and sent to the county court for trial. *Baker* v. *Goodrich,* 1 Aik. Rep. 395.

*C. Linsley* and *E. L. Ormsbee,* for appellees.

An executor, in presenting a will for probate, is bound to prove every material fact necessary to constitute a valid will. He must go forward, the burthen of proof resting on him. He is as much bound to prove all material facts as though he made a formal declaration. When several distinct facts are necessary to be set forth in a declaration, the defendant is under

RUTLAND,
January,
1839.

Exrs. of Howe
v.
Pratt et al.

no obligation to point out by a special issue, the one he in-
tends really to controvert, but a general denial is enough.
The plea in this case is strictly in analogy with the rules of
pleading, and a decision against it would necessarily intro-
duce the practice of a detailed denial of every separate fact
necessary to the making of a valid will. The will is as much
now to be proved as if the hearing was before the probate
court. Gould's Plead. 40. *Heirs of Smith* v. *Rix, Admr.*
9 Vt. Rep. 240.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—As a general rule, what is here
termed a plea would undoubtedly be liable to the objections,
which are raised against it, if there were anything before the
court to which a plea would be required.   But as the appel-
lants have set forth no objections to the decree of the court
of probate, and have made no allegation that any will was
made by the deceased in his lifetime, it was not necessary
for the appellees to do anything more, or to show any other
reason for the affirmance of the decree of the probate court,
than to make the general allegation which they have made.
The allegation or plea was therefore sufficient, as the case
then stood before the court, and the appellants, instead of
demurring, should have stated some reasons or facts to show
that the decree of the court of probate should be reversed.

Whenever an appeal is taken from the sentence or
decree of a court of probate, the person complaining of the
decree should state, in writing, his objections thereto, and
this lays the foundation for all the after proceedings. To
these objections the appellee can answer, and thus present
the questions to be decided, whether they be of fact or law.
When the appeal is taken from the approval of a will,
as it most commonly is, the objections filed present the
questions which are to be decided, as to the due execu-
tion, the sanity of the testator, &c. This appeal is from
the other side, and the objections filed should have averred
the making and execution of the will. The answer to these
objections would have raised all the questions, which are

intended to be litigated in this case. Unless the pleadings are altered, the decree of the court of probate must be affirmed.

The appellants, by leave of the court, withdrew the demurrer, and filed their objections to the decree, and the issues formed thereon were sent to the county court for trial.