EDRIC ADAMS AND OTHERS *v.* HIRAM ADAMS AND HARRY ADAMS,
Administrator. of FRIEND ADAMS.

The jurisdiction of the county court, as an appellate court in probate matters,
is measured only by the extent of the jurisdiction of the probate court; it is an
appellate court for the re-hearing and re-examination of all subjects, which
have been acted upon in the court below.

It constitutes no objection to the right of a party to appeal, that the order or de-
cree of the probate court appealed from was in reference to a matter resting in
the discretion of that court.

But, in order to entitle the party to appeal, the order or decree appealed from
must have been one, which made a final disposition of the subject matter in the
probate court.

The probate court have the power to re-open and revise their decree, in adjudi-
cating upon an administrator's account, so far as to charge the administrator
with advancements and assets not mentioned in the decree; and the denial of
the prayer of a petition to exercise such power is the subject of an appeal.
And the probate court have also the power, and it would be their duty, upon
the proof of fraud, accident, or mistake, in the adjustment of any item in the
former account, to alter and correct it in such manner, as to make it what it
ought to have been.

APPEAL from the probate court for the district of New Haven.
Edric Adams and others, heirs of Friend Adams, deceased, after a
decree of the probate court allowing the administrators' account,
and determining the amount of advancements to the several heirs,
and ordering partition and distribution of the real and personal es-
tate among the several heirs, and after the time for taking an appeal
therefrom had expired, petitioned the probate court to re-open and
revise the decree, so far as to allow a farther examination and ad-
justment of the account as to other matters, not appearing of record,
and as to other assets, real and personal, in the hands of the admin-
istrators,—the petitioners alleging, among other things, as grounds
for their application, that large sums of money, not accounted for by
the administrators, who were also heirs to the estate, had been re-
ceived by them, as advancements, in the life-time of the deceased,
and that large amounts of property, belonging to the estate, had
come to their hands as assets, and had not been accounted for, or

mentioned in the decree. After due notice to all concerned, the probate court, upon hearing the parties, decided not to grant the prayer of the petition; upon which the petitioners took an appeal to the county court. In the county court the administrators filed a motion that the appeal be dismissed.

The county court, December Term, 1846,—BENNETT, J., presiding,—*pro forma* dismissed the appeal. Exceptions by petitioners,

*P. C. Tucker* and *C. D. Kasson* for petitioners.

By the Revised Statutes, chap. 44, sec. 28, the probate court is bound to allow an appeal from " *any order, sentence, decree, or denial,*" made by them ;—and by sec. 26 it is provided, that the county court " shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate court." If, therefore, the dismissing of the petition by the probate court was an order, sentence, decree, or denial, or if it was of a matter within the jurisdiction of the probate court, the appeal is well taken. *Shumway* v. *Shumway*, 2 Vt. 340. *Woodward* v. *Spear*, 10 Vt. 423. *Smith* v. *Rix*, 9 Vt. 240. The test of what is discretionary with the probate court, and not revisable, is, to inquire if the order, or denial, were final upon the subject matter before the court. The discretion, which it is sometimes said is not revisable, is, if ever it be so in the probate court, exercised upon some interlocutory or collateral matter, as on a question of continuance, or mode of notice, or the like.

But if the court think the motion to dismiss may be treated as a demurrer to the petition, and so sustain the dismissal on the ground that the decree below was correct, then we contend, that there was error in the decree. It is a common principle, that courts generally have power to correct their own errors ; Toller's Ex'rs 125. *Rix* v. *Smith*, 8 Vt. 370 ; 2 Vt. 340 ; 9 Vt. 240 ; and the former decree should have been so far revoked, as to open the amount of the balances. If the administrator's account can be opened, as in *Probate Court* v. *Merriam*, 8 Vt. 234, by showing new facts, and other property in their hands, then why not be allowed to show farther advancements, fraudulently suppressed, and so increase the balance for distribution ?

Adams et al. *v.* Adams et al., Adm'rs.

*F. E. Woodbridge* and *A. Peck* for defendants.

The decision of the probate court, in opening or refusing to open their former decree, on petition, is merely a matter of discretion, from which no appeal lies. There are certain discretionary powers incident to all courts, however limited their jurisdiction, in the exercise of which their decisions are final. The decision in question falls within this principle, as the power of the probate court to entertain such petition is not given by statute, but exists as incident to the probate court, from analogy to the practice of other courts in allowing motions and petitions to correct their proceedings,—which are exclusively matter of discretion.

The case of *Heirs of Smith* v. *Rix, Adm'r,* 9 Vt. 240, differs from this, and does not contravene the principle contended for. No question was there made as to the right of appeal; the only question was as to the jurisdiction of the probate court over the petition. The errors, in that case, appeared on the face of the decree, and were admitted by the petitionee in the probate court. It is evident, that in that case the probate court denied a hearing upon the merits of the petition. In this case a full hearing was allowed, and the decision was based upon it.

Any matter, not included in the former decree settling the administrators' account, is a proper subject matter for a new accounting; and for that purpose there is no necessity for opening the former decree.

The opinion of the court was delivered by

HALL, J. The question for consideration is, whether the appeal was properly dismissed by the county court. The statute,—Rev. Stat., ch. 44, sec. 26, 27,—provides, that the county court shall have appellate jurisdiction of *all matters* originally within the jurisdiction of the probate court; and that the supreme court shall have jurisdiction of *all questions of law*, arising in the course of the proceedings of the county court, in probate matters, in the same manner as is provided by law in other cases. It is obvious, that the respective jurisdictions of the county and supreme courts, in probate matters, are essentially and radically different. The jurisdiction of the county court, as an appellate court, is measured only by the extent of the jurisdiction of the probate court; it is not limited to any

particular questions, that arise in the probate court, or confined to a portion of the business transactions there, but is expressly extended over *all matters*, which are within the jurisdiction of that court. It is an appellate court for the re-hearing and re-examination of all subjects, which have been acted upon in the court below.

The supreme court, in probate matters, is a court of errors, for the revision of questions of law arising in the county court, the same as in other cases. Questions, which arise in the county court, in such cases, the decision of which depends upon the exercise of the discretion of the court, are not questions of law, and hence cannot be revised in the supreme court. But that the probate court exercises a discretion in any order, or decree, it may make, can form no criterion for determining the right of a party to appeal. The statute has neither expressly, nor by implication, made any such exception to the right. On the contrary, the twenty eighth section of the same chapter declares, that an appeal may be taken from "*any* order, sentence, decree or denial of the probate court."

The practical construction of the statute is believed to have been in conformity to its language. Numerous cases might be mentioned, where appeals have been taken and acted upon in the supreme court, where the questions were merely those of fact, or determinable only by the exercise of discretion. The amount of personal estate to be set to a widow,—within, perhaps, certain limits, —is mere matter of discretion. In the selection of a guardian the probate court has no other guide, but that of its discretion, and this discretion has the widest possible range, and yet it is believed no one ever doubted, but that an appeal lay in these and other like cases, and that the decision of the probate court was subject to re-examination and reversal in the appellate court. If, therefore, the granting or denial of the prayer of the petition, in this case, were matter of discretion in the probate court, that formed, of itself, no reason for dismissing the appeal from the county court.

In analogy to all our statute provisions relating to appeals from an inferior to a superior court, the order, sentence, decree, or denial, from which an appeal is to be taken, must doubtless be a final one;—that is to say, it must be a final disposition of the subject matter before the court. Such orders, or denials, as relate merely to the time and mode of proceeding of the court, in arriving at the

final result upon the principal matter,—such as adjournments of the hearing, the rejection or admission of evidence, &c., are but incidental to the main question,—are, in fact, a part of it, and need not, therefore, be the subject of appeal. An appeal from the main question takes with it all those, which are incidental to it, and makes the whole, in effect, the subject of revision on appeal. The decision of the probate court in this case, denying the relief sought by the petition, was a final disposition of the matter before the court, and was in that respect a denial, from which an appeal might be taken.

It was suggested at a former argument of this case, that the appeal was taken from a decision of the probate court upon a subject not within its jurisdiction, and that therefore the appeal was properly dismissed. If it were a new question, it might, perhaps, be matter for serious consideration, whether the adjudication of the probate court, upon an administrator's account, should not be held conclusive upon all matters, that might and ought to have been taken into consideration and acted upon; and whether the balance found due should not be binding on all the parties. The inconvenience and increased expense and delay, which must necessarily attend a farther hearing upon matters, that might have been acted upon at the time of the former decree, doubtless form strong objections to the allowance of such a hearing. But, on the other hand, it is to be considered, that the account of an administrator often embraces a great variety of matters, with which few but himself can be supposed to be familiar, and that the very nature of his trust gives him a great advantage over the heirs and creditors in the adjustment of his account. Hence the necessity has been felt of giving to others, interested in the estate, the right subsequently to charge him with matters not before credited by or charged against him; and even, under peculiar circumstances, to allow of a re-examination and correction of items previously acted upon.

In *Rix* v. *Heirs of Smith*, 8 Vt. 365, it was held, that a decree of the probate court in the settlement of an administrator's account was not conclusive upon any matters, which were not brought under consideration in the adjustment of his account; and it was also declared by the court, that the probate court might, by a direct proceeding upon a former decree, reconsider and revise its former de-

cision upon specific allowances in the account, and, in that mode, correct the errors of a former decree. In *Heirs of Smith* v. *Rix*, 9 Vt. 240, the supreme court, at that time the appellate court, did, on an appeal from a decree of the probate court, denying the prayer of a petition for the revision of a former decree, alter and correct allowances formerly made and certify its decision to the probate court. In that case there was a motion in the supreme court to dismiss the appeal, which was overruled. That case is therefore a direct authority for sustaining the appeal in this. In Massachusetts, where the jurisdiction and course of proceedings in the probate court are similar to ours, the like power of that court over its proceedings has long been recognized and acted upon. *Stearns* v. *Stearns*, 1 Pick. 157. *Stetson* v. *Bass*, 9 Pick. 27. *Boynton* v. *Dyer*, 18 Pick. 1. This power of revision of previous proceedings, in some form or other, has always been considered as incidental to all courts of general jurisdiction, and, from the nature and character of the proceedings of the probate court, seems peculiarly necessary to its safe and satisfactory administration of justice.

Whatever may have formerly been the views of the different members of the court upon this case, I am authorized to say, that all, who have heard it at the present term, now concur in the opinion, that the probate court had the power to re-open and revise the former decree, so far as to charge the administrators with advancements and-assets not mentioned in the decree, and that the denial of the prayer of the petition was the subject of an appeal. And we farther concur in the opinion, that the probate court had the power, and that it would be the duty of such court, upon the proof of fraud, accident, or mistake, in the adjustment of any items in the former account, to alter and correct it in such manner, as to make it what it ought to have been.

We are not called upon to say, what the probate court ought to have done with the petition in this case. The decision of that court, upon the hearing before it, might have been right. All we say is, that the parties, feeling aggrieved by it, had a right to have the decision reviewed on appeal.

The result is, that the judgment of the county court, dismissing the appeal, is reversed, and the case is remanded to the county court for farther proceedings.