SALLY BYRAM *v.* HEIRS OF P. O. BYRAM.

*Homestead.    Appeal from probate court.*

The proceedings for setting out the homestead of a deceased housekeeper, for the benefit of his widow and children, fall within the general jurisdiction of the probate court; and an appeal lies from any order or decree of that court respecting it.

APPEAL from an order and decree of the probate court for the district of Fairhaven accepting and confirming the report of commissioners appointed by that court to set out a homestead to the widow and children of Preston O. Byram, deceased.   The appeal was allowed by the probate court and upon its entry in the county court the appellees moved to dismiss, on the ground that the county court had no jurisdiction of the same.

The county court, September Term, 1854, — PIERPOINT J., presiding, — overruled the motion to dismiss, to which the appellees excepted.

*Briggs & Hyatt*, for the appellees.

*Z. Howe*, for the appellant.

The opinion of the court was delivered by

ISHAM, J.   The exceptions in this case, present the single inquiry, whether an appeal can be taken from an order or decree of the probate court allowing and confirming the report of commissioners in setting out a homestead on the estate of Preston O. Byram deceased.

The Comp. Stat. 319, § 4, provides, that if any house-keeper or head of a family shall decease, leaving a widow, his homestead of the value of five hundred dollars, shall wholly pass to his widow and children in due course of descent, and that the probate court shall appoint three commissioners to set out such homestead. The statute prescribes no mode of procedure for the performance of that duty. Whether the commissioners are to be under oath or not, and whether their proceedings are to be returned to the probate court, or recorded, and if so, where, are all matters concerning which this statute has made no provision. If this act is to be regarded as a distinct and independent proceeding, having no reference to any other general act, it will be found, we think, so indefinite in its details, as to be difficult to carry its provisions into effect. It is hardly reasonable to suppose, that the legislature intended to leave the matter in that condition. When they provided, that this application should be made to the probate court, where the estate of deceased persons are settled and distributed they must have intended, that this proceeding should fall within the general jurisdiction of that court in the settlement of estates. It necessarily constitutes an important part of that settlement. The commissioners are appointed by that court, and act as the servants of the court, in the discharge of that duty; the same as commissioners appointed by that court to divide the estate among the heirs, and over whose proceedings the probate court can exercise its supervisory powers. Under this view of the matter, the case falls within the 28th section of the Comp. Stat. p. 324, giving to any person interested in any order, sentence, or decree of the probate court, the right of appeal to the county court. The general policy of the act in relation to the settlement of estates requires that construction of this statute, as being in conformity with the intention of the legislature.

The judgment of the county court is affirmed.