HILLIARD AND WIFE v. McDANIELS'S ADMINISTRATOR.[*]

### Appeal from Probate Court.

The intestate's widow, being administratrix of his estate, married, whereby her authority as administratrix was extinguished. Thereupon the intestate's children applied to the Probate Court for the appointment of P. as administrator *de bonis non*, and the widow applied for the appointment of her then husband as such administrator; but the court appointed P. *Held*, that the widow could appeal from such appointment.

---

[*] Decided at the General Term in October, 1874.

APPEAL from the Probate Court for the District of Rutland.

The case was this. Mrs. Hilliard was formerly the wife of Isaac McDaniels, and upon his death, was appointed administratrix of his estate. She subsequently married the plaintiff, Miner Hilliard, whereby her authority as administratrix was extinguished. Thereupon the children of the deceased applied to the Probate Court for the appointment of Evelyn Pierpoint as administrator *de bonis non*, and the plaintiffs applied for the appointment of the plaintiff, Miner Hilliard, as such administrator, and the court appointed the said Pierpoint, from which the plaintiffs appealed.

The court, at the September Term, 1869, Rutland County, WHEELER, J., presiding, dismissed the appeal, for that an appeal would not lie in such cases. Exceptions by plaintiffs.

*W. H. Smith* and *Prout, Simons & Walker*, for the plaintiffs.

The statute allowing appeals from Probate Court is general and sweeping, quite sufficient for this case. Gen. Sts. c. 48, s. 30. The appointment of an administrator is a final order, and the propriety or legality of the appointment cannot be contested in any collateral proceedings. It must be by appeal from the appointment. *Wiley* v. *Brainard*, 11 Vt. 107; *Abbott* v. *Coburn and Wife*, 28 Vt. 663. The County Court has appellate jurisdiction of " all matters originally within jurisdiction of the Probate Court," even to revise the discretionary powers of the Probate Court. Gen. Sts. c. 48, s. 28; *Adams, admr.* v. *Adams*, 21 Vt. 162. These appellants are within the statute, and their right to appeal perfect, and no power in Probate Court to deny appeal.

Is there any distinction as to the subject-matter of the " order or decree" of the Probate Court in matter for appeal ? The statute does not seem to make any, nor have the courts so far as we find, nor any distinction as to the ground of objection to the particular appointment, or the order under differing circumstances. Our courts have entertained appeals from the appointment of administrators under various circumstances, and no suggestions are found that the right of appeal depends upon any circumstances. *Woodward* v. *Spear*, 10 Vt. 420, citing 1 Wms. Exrs. 348;

*Fletcher's* case, 29 Vt. 98 ; *Anderson's* case, 42 Vt. 350 ; *Arnold* v *Selwin*, 4 Cush. 46 ; *Lawrence* v. *Englesby*, 24 Vt. 42 ; *Wiley* v. *Brainard*, *supra*. Also appeal from decree removing an administrator. *Holmes* v. *Holmes*, 26 Vt. 536.

The statute further provides, to remedy any mischief that might arise from appeal, for a special administrator in such a case, from which special appointment no appeal shall be allowed. Gen. Sts. c. 51, s. 5. This provision denying appeal in such case, plainly presupposes a right of appeal generally. *Fletcher's* case, *supra*.

The merits of this case are not to be considered here in the disposition of the question. They were not tried below. Here is only the question as matter of law, as to the right of the party to an appeal, and trial of merits in the County Court.

*W. G. Veazey*, for the defendants.

The statute applicable to this case is c. 51, ss. 11, 14, Gen. Sts. Under these sections there is no right in any one to claim who shall be administrator *de bonis non*, but the court may grant letters to any suitable person. *Russell* v. *Hoar, admr.* 3 Met. 187. This case was decided upon a statute almost identical in language, and fully in legal effect, with ours. If s. 3, c. 51 applied, the widow has no preference over next of kin. There being counter claims, the court must determine on other grounds. After marriage, there is no widow to make choice ; the matter then stands the same as though the statute did not mention the widow. Mrs. Hilliard's selection of her husband, is but a selection of himself, when he has no right under the statute. But if she has any right to appear in this proceeding at all, it is only equal with that of next of kin, and they all ask for Pierpoint. This case also presents the question whether an order appointing an administrator in any case, is appealable, unless the court turn the case upon the point first made.

The opinion of the court was delivered by

BARRETT, J. It is conceded in the argument that the appellants are so interested in the estate as to be entitled to take an appeal, provided the case is one in which an appeal can be taken

at all under the provisions of the statute. In c. 48, s. 30, Gen. Sts., it is enacted that " any person interested in any order, sentence, decree, or denial of any Probate Court, who considers himself injured thereby, may appeal therefrom," &c. It is agreed that the appointment of one person an administrator, and the refusal to appoint another, on application of a party interested in the estate as claimant, whether widow, heir, or creditor, is an act of the court falling within the meaning and operation of the terms, " any order, sentence, decree, or denial of any Probate Court." If the matter was to rest here, the result would seem to be unquestionable, viz: that the appellants were entitled to an appeal in this case. But it seems to be assumed in the argument, that the right to an appeal in such case depends on the right by preference given in s. 3, c. 51, Gen. Sts.; and as this is the appointment of an administrator *de bonis non*, where the widow administratrix has lost her authority by a second marriage, and such right of precedence is not given in reference to such an appointment, she therefore has no ground of right; or, in other words, she has no such *status* in the case as entitles her to interfere in the matter of such appointment. If this matter of precedence under the statute, was conclusive as to the question who should be administrator, and when the record showed conclusively that the appellants were thereby excluded from such right by precedence, it might plausibly, perhaps properly, be held that they could not take and hold an appeal. But even under the provisions as to right by precedence, such precedence is subjected to the condition of being " suitable and competent;" and that condition has to be adjudicated by a Probate Court. If, on the original application of the widow of said Isaac, her appointment had been denied on the score of not being " suitable and competent," and another person had been appointed administrator, it is plain and not questioned, that an appeal would have laid from such action of the Probate Court, and that, too, on the very ground and question of *suitableness and competency*. Under s. 14, c. 51, though this matter of precedence is not accorded to particular parties, still, the matter of *suitablenesss* of the person to be appointed administrator *de bonis non*, is to be adjudicated and made

the ground of the appointment, as much as in the case of the original appointment of an administrator. It would seem difficult to discover in the nature of the subject, any ground or reason for allowing an appeal in the one case and denying it in the other. Sec. 5, c. 51, Gen. Sts., providing for the appointment without appeal, of a special administrator, " when there shall be delay in granting letters testamentary or letters of administration, occasioned by an appeal from the allowance or disallowance of a will, or from any other cause," is as applicable and operative in case of an appeal in such a case as the present, as in the case of an original appointment of an administrator.

Though counsel did not discuss, still the question is suggested in the brief, whether an appeal would be lawful when the order involved only a question of discretion exercised upon evidence and facts. On this it may be remarked that the statute does not make or indicate any distinction or difference as to right of appeal on such ground. And further, that an appeal from a lower to a higher court, carries up the whole case for a retrial upon all matters and features entering into and affecting the final decision and order to be made therein. It differs from a bill of exceptions carrying a case from the County to the Supreme Court. That carries for revision only matters of law decided upon facts found in the court below. An appeal from a judgment in a justice's court, and also from a decree of a court of chancery, illustrates the difference between that and exceptions to the judgment of the County Court. This is but repeating, for substance, what is fully and clearly discussed and established in *Adams* v. *Adams*, 21 Vt. 162. See also *Lawrence* v. *Englesby*, 24 Vt. 42, and other cases *ad lib*.

The appeal in this case was lawfully taken.

Judgment reversed, and cause remanded, to be proceeded with in due course.