# BRIDGET MAUGHAN *v.* ESTATE OF MICHAEL BURNS.

*Appeal from Probate Court. County Court may raise ad damnum. Witness may give opinion of value. Compe tency for trial court. Harmless error. Insane ward may contract for support.*

1. The plaintiff in an action upon a *quantum merit*, may recover a sum larger than the *ad damnum* in his declaration. The *ad damnum* is merely the plaintiff's estimate of what he is entitled to, and is not conclusive upon him.

2. The County Court has appellate jurisdiction of matters within the original jurisdiction of the Probate Court, and in the consideration of those matters is not confined to the questions actually considered in the Probate Court.

3. The County Court may permit the plaintiff, upon trial of an appeal from the allowance of commissioners, to raise the *ad damnum* of the declaration filed in the Probate Court, where the claim presented to the commissioners and that tried in the County Court are identical.

4. A witness may give an opinion as to the rental value of a house, or what it is worth to board a certain person, provided he has a suffcient knowledge of the premises to render him competent.

5. Whether the witness has such knowledge is for the determination of the trial court, and the determination of that tribunal will be conclusive unless it appears that there was error in law in making it.

6. A judgment will not be reversed for the introduction of evidence which could not have harmed the excepting party.

7. *Held,* that the charge fairly gave the jury to understand that the guardian of an insane person might provide for the support of his ward in the ward's own home, as well as elsewhere, if he desired.

8. *Held,* that the case showed such a state of facts as enabled the ward to contract for his own support.

This was an appeal from an order of the Probate Court for the district of Fair Haven, accepting the report of commission-

·ers by which the plaintiff's claim was disallowed. Trial by jury at the September term, 1891, Thompson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff sought to recover for services and expenditures in caring for the intestate. Her evidence tended to show that the intestate, Burns, was, during the latter portion of his life, a feeble and sick old man, who required unusual care and attention; that in 1879 she·went to. live in his house, and remained there until his death, July 14, 1889 ; that she went there under an arrangement to furnish and prepare his food, do his washing, and take such care of him as might be necessary, so long as her services were satisfactory, and that her services continued to be satisfactory to Mr. Burns down to the time of his death. While there, she occupied a portion of the intestate's house, and had the use of a portion of his garden, and her claim was for the value of her disbursements and services, less a fair rental for that portion of the house and garden which she occupied.

Upon the trial she introduced certain witnesses who had resided in Fair Haven, where the house of the intestate was situated, during the time that she lived there, were acquainted with the value of tenements in that vicinity, and who had had experience in boarding and caring for sick people; who knew the tenement in question, and had been familiar with the condition of the intestate during the time the plaintiff had lived with him; and proposed to show by them what the fair rental value of that portion of the tenement which she occupied was, and what it was reasonably worth to render for the intestate the services which she had rendered. The defendant objected to the admission of this evidence, and the same was admitted under his exception.

The defendant offered evidence tending to show that on February 7, 1888, the Probate Court for the district of Fair Haven appointed a guardian over the intestate. This guardian was introduced as a witness by the defendant, and testified in

Bridget Maughan *v.* Estate of Michael Burns.

substance, that soon after his appointment he visited his ward where he was living with the plaintiff, and there notified the plaintiff that she must vacate the premises; that he repeated this notice a short time afterwards in writing; that when at the house he inquired of the plaintiff and of the intestate, whether anything was wanted, and informed them that he would furnish whatever might be necessary, but that in point of fact he never did furnish anything, and never did make any arrangement for the support of his ward, either at his own house or elsewhere.

The defendant claimed that the plaintiff could recover nothing for services rendered after the appointment of this guardian, and certainly not after he had informed the plaintiff that she must vacate the premises, and that he would furnish whatever Mr. Burns needed, and requested the court to so hold. This the court declined to do, and instructed the jury upon this point as follows:

"February 7, 1888, a guardian was appointed unto Michael Burns. It does not appear in evidence for what cause. The guardian took possession of Burns' entire estate, with the exception of the rooms occupied by himself and the plaintiff. It became the duty of the guardian to properly care for and furnish Mr. Burns in a reasonable way, home, food, raiment and proper care, so far as his estate furnished the guardian with means to provide them, whether the guardianship came about by reason of mental unsoundness of Burns or from some other cause. If the guardian neglected to furnish Burns, he would have a right to procure it of the plaintiff, or any one else; that is, procure what was necessary according to his mental and physical condition, reasonably necessary, and could bind himself so that his estate would be bound for such necessaries. Now it does not appear that this guardian furnished anything in the way of support to Burns after the guardian was appointed. He says that he went there and inquired whether they wanted anything, and in substance that he learned that they did not; that they were getting along well enough, and that he did nothing. Now we instruct you, as a matter of law, that we do not think that is such a caring for and

providing for an old man, in the condition that the evidence tends to show this old man was, as amounts to a legal performance of the duty resting upon the guardian to furnish him with food and with care that would preclude the old gentleman from obtaining food and care such as were reasonably necessary to him, and his means, if the guardian knew the condition of this old man; if he did not, it was necessary to find out his necessities for food and care and attendance; and it was his duty not only to offer to furnish, but to furnish; and he had the right, if he was content to stand back and not furnish anything, to allow the old gentleman, by reason of his failure to provide for him, to furnish himself with necessaries. He had a right to take him away from there and provide him with a home and all these other things that were necessary, that the plaintiff provided, and take the control of the matter into his own hands. This he did not do."

To the charge of the court as above given, the defendant excepted. The other exceptions sufficiently appear in the opinion.

*W. H. Preston & J. C. Baker,* for the defendant.

The jury should have been restricted to the amount of the claim presented to the commissioners and interest; and the County Court had no power to raise the *ad damnum* in excess of this sum. *Harris et al.* v *Belden et al.,* 48 Vt. 478.

Evidence of what a fair rental of the house was or what it was worth to board the intestate was inadmissible. These were matters of common knowledge about which the jury were to form their opinion from the evidence. 1 Greenl. Ev. 574, n.; *Robertson* v. *Stark,* 15 N. H. 109; *Rochester* v. *Chester,* 3 N. H. 349.

The necessaries must have been furnished the ward in good faith or the plaintiff cannot recover. In this case the guardian offered to furnish what was needed. 1 Pars. Cont. 387; *Seaver* v. *Phelps,* 11 Pick. 304.

*F. S. Platt,* for the plaintiff.

The witnesses were properly allowed to state the rental

Bridget Maughan *v.* Estate of Michael Burns.

value of the plaintiff's services in caring for the intestate. *R. R. Co.* v. *Bixby,* 57 Vt. 563; *Beeman* v. *R. R. Co.,* 58 Vt. 636.

The opinion of the court was delivered by

ROWELL, J. This is an appeal from the decision and report of the commissioners on the estate of Michael Burns. Plaintiff presented her claim to the commissioners at $2,789.65. The *ad damnum* in her declaration filed in the Probate Court was $3,500. In the County Court she recovered $3,813.49. Thereupon she moved for leave to amend her declaration by raising the *ad damnum* to $4,000, which was granted, and she had judgment for the amount of her recovery.

The identical claim presented to the commissioners was the claim tried above. The amount of plaintiff's recovery rested on the *quantum meruit.* The jury found that she merited more than she estimated her claim when she presented it to the commissioners. But such underestimate did not preclude her from recovering more if the testimony showed her entitled to it, as presumably it did, as more was found. The fact of such estimate was evidence against her deserving more, as it was an implied admission that what she claimed was enough; but the admission was not conclusive upon her, and did not prevent her from recovering more. *Rooney* v. *Minor,* 56 Vt. 527; *Stowe* v. *Bishop,* 58 Vt. 498; *Hard* v. *Burton,* 62 Vt. 314.

It is conceded that in common-law actions the court has power to raise the *ad damnum* at any time; but it is claimed that as the Probate Court is not a common-law court, but is a court of special and limited jurisdiction, and has by statute original jurisdiction of the settlement of the estates of deceased persons, the County Court has no power to raise the *ad damnum* of the declaration filed in the Probate Court.

The County Court has, by statute, appellate jurisdiction of matters originally within the jurisdiction of the Probate Court;

and in such appeals it sits as a higher Court of Probate, and its jurisdiction is coextensive with that of the Probate Court. It is not limited to the particular questions that arose in the Probate. Court in the matter appealed, but is expressly extended to matters originally within the jurisdiction of that court. It is an appellate court for the re-hearing and the re-examination of matters, not particular questions merely, that have been acted upon in the court below. *Adams* v. *Adams*, 21 Vt. 162. And these matters embrace even those that rest in discretion. *Holmes* v. *Holmes*, 26 Vt. 536. In *Francis* v. *Lathrope*, 2 Tyler, 372, the claimant was allowed on terms to file a declaration in the County Court, he having omitted to file one in the Probate Court as required by statute. It was within the jurisdiction of the Probate Court to have allowed this amendment, and as the County Court had all the jurisdiction of the Probate Court in this behalf, it also had power to allow the amendment.

The record shows no error in permitting witnesses to testify to the rental value of the house and garden and to what it was worth to board and care for the intestate. That a witness may testify his opinion in respect of such matters, provided he has the requisite knowledge to make him competent, is too well settled in this State to admit of question. But, as this court has said before and here repeats, there is no rule of law defining the amount of knowledge the witness must possess in order to make him competent, though he must possess sufficient to enable him to form some estimate of the value and the worth, but whether he does possess sufficient or not is a preliminary question for the tribunal before which he is called, and its decision is conclusive, unless it appears from the evidence to have been erroneous or founded on an error in law. *Railroad Co.* v. *Bixby*, 57 Vt. 548.

Testimony to the value of the use of the household furniture, if such value was not involved in the case, was harmless to

the defendant, as its only tendency was to lessen the amount of plaintiff's recovery.

Nor was there error in that part of the charge to which exception was taken. It is claimed that it was misleading in that it gave the jury to understand that it was the duty of the guardian to take his ward away from his own home in order to enable the guardian to provide for him, and that he was derelict in that duty. But the charge is not criticisable in this respect. It fairly gave the jury to understand that the guardian had the right to assume the care and support of his ward and to provide for him in the ward's home as well as elsewhere, if he desired to do so.

We think the case shows a state of facts that enabled the ward to contract for his own support. *Stannard* v. *Burns*, 63 Vt. 244.

*Judgment affirmed and to be certified.*