## GEORGE F. BROWN v. NANCY L. BROWN.

JANUARY TERM, 1894.

*Appeal from order of probate court setting out homestead. Amendment of record.    Proceedings in county court.*

1.  Where, upon an appeal from the probate court, the certified copy of the order of that court allowing the appeal does not specify from what order the appeal is taken, the county court may allow its record to be amended by filing a new certified copy of the order.

2.  Under R. L., s. 2270, an appeal lies from an order of the probate court accepting the report of commissioners appointed to set out homestead and dower.

3.  The county court, upon such appeal, may proceed in the manner provided by statute for proceedings in the probate court.

Appeal from an order of the probate court for the district of Fair Haven, accepting the report of commissioners appointed upon the petition of Nancy L. Brown, to set out her homestead and dower in the estate of her husband.   Heard upon the motion of the appellee, Nancy L. Brown, to dismiss the appeal, at the September term, 1893, Rutland county, TYLER, J., presiding.   The court dismissed the appeal as matter of law.   The appellant excepts.   The opinion states the case.

*Geo. E. Lawrence* and *F. S. Platt* for the appellant.

The amendment should have been allowed in the county court.   *Tufts* v. *Aiken*, 13 Vt. 490 ; *Kendrick* v. *Harris*,

1 Aik. 273; *Howe* v. *Pratt*, 11 Vt. 255; *Marsh* v. *Mc-Kenzie*, 99 Mass. 64; *Batty* v. *Fitch*, 77 Mass. 184; *Adams* v. *Adams*, 21 Vt. 162; *French* v. *Windsor*, 24 Vt. 402; *Curruth* v. *Tighe*, 32 Vt. 626; *Chautauqua Company Bank* v. *White*, 23 N. Y. 347; *Orange* v. *Ball et al.*, 29 Vt. 442; *Francis* v. *Lathrop*, 2 Tyler 383; *Bent* v. *Bent*, 43 Vt. 42.

The county court had appellate jurisdiction. *Adams* v. *Adams*, 21 Vt. 162; *Lathrop* v. *Hitchcock*, 38 Vt. 499, 500; *Boyden* v. *Ward*, 38 Vt. 632; *Whitcomb* v. *Davenport's Estate*, 63 Vt. 656; *Holmes* v. *Holmes*, 26 Vt. 536; *Hilliard* v. *McDaniels*, 48 Vt. 122; *Kendrick* v. *Harris*, 1 Aik. 273; *Trus et al.* v. *Morrill's Estate*, 28 Vt. 672; *Byram* v. *Byram*, 27 Vt. 295.

*H. A. Harman* for the appellee.

The county court had no appellate jurisdiction. The statute does not cover an order of this kind. *Felton* v. *Sowles*, 57 Vt. 382; *Adams* v. *Adams*, 21 Vt. 162; *Boyden* v. *Ward*, 38 Vt. 628; *Kendricks* v. *Harris*, 1 Aik. 273.

START, J. This is an appeal from an order of the probate court for the district of Fair Haven, accepting and ordering recorded a report of commissioners appointed to set out a homestead and dower to the appellee. The appellee moved to dismiss the appeal, and claimed, among other things, that the appellant was not entitled to an appeal from such order, and that it does not appear that the appellant appealed from any order, sentence, decree or denial of the probate court. It appears from the application for an appeal, filed in the register's office, that the appellant prayed for an appeal from the order of the probate court approving of the doings of the commissioners, but the certified copy of the order allowing the appeal does not show from what

order or decree the appeal was taken. The appellee's counsel concedes that the probate court has amended its records so that it now appears from the order allowing the appeal that the appellant appealed from the order of the court approving of the doings of the commissioners. The county court held, as a matter of law, that the appeal papers could not be amended in that court, and dismissed the appeal, to which the appellant excepted.

The county court had power to allow the appellant to file a copy of the amended order of the probate court, allowing an appeal. *Maughan* v. *Estate of Burns*, 64 Vt. 316; *Whitcomb* v. *Davenport's Est.*, 63 Vt. 656; *Wyman* v. *Wilcox's Est.*, 63 Vt. 487; *Carruth* v. *Tighe*, 32 Vt. 626. If it was necessary to file objections to the doings of the commissioners, or to the order and decree of the probate court, they could be filed or amended in the county court. *Francis* v. *Lathrope*, 2 Tyler 372; *Howe* v. *Pratt*, 11 Vt. 255; *Stevens* v. *Hewitt*, 30 Vt. 262; *Bucklin* v. *Ward*, 7 Vt. 195.

Proceedings for setting out a homestead and dower fall within the general jurisdiction of the probate court in the settlement of estates of deceased persons. R. L., s. 2270, gives to any person interested in an order, sentence, decree or denial of the probate court, the right of appeal to the county court. The case of *Byram* v. *Byram*, 27 Vt. 295, was an appeal from an order and decree of the probate court, accepting and confirming the report of commissioners appointed by the court to set out a homestead to the widow and children of the deceased. The appellees moved to dismiss the appeal on the ground that the county court had no jurisdiction, and it was held that the appellant was entitled to an appeal under s. 28, ch. 47, C. S., which is, so far as it relates to the right of appeal, the same as R. L., s. 2270. In *True et als.* v. *Est. of Morrill*, 28 Vt. 672, the holding of the court is to the same effect.

The county court has appellate jurisdiction of matters originally within the jurisdiction of the probate court, and, in appeals from the orders and decrees of the probate court in respect to homestead and dower, it has the same power to appoint commissioners to set out homestead and dower as that given to the probate court. R. L., s. 2268. In *Adams* v. *Adams*, 21 Vt. 162, it is said that the jurisdiction of the county court, as an appellate court, is measured only by the extent of the jurisdiction of the probate court; it is not limited to any particular questions that arise in the probate court, or confined to a portion of the business transactions there, but is expressly extended over all matters which are within the jurisdiction of that court. It is an appellate court for the rehearing and reëxamination of all matters which have been acted upon in the court below. In *Hilliard* v. *McDaniels*, 48 Vt. 122, it is said that an appeal from a lower to a higher court carries up the whole case for a retrial upon all matters and features entering into and affecting the final decision and order to be made therein. In *Maughan* v. *Est. of Burns*, 64 Vt. 316, it is said that the county court has, by statute, appellate jurisdiction of matters originally within the jurisdiction of the probate court, and, in such appeals, it sits as a higher court of probate, and its jurisdiction is coextensive with that of the probate court. It is not limited to the particular questions that arise in the probate court in the matter appealed, but is expressly extended to matters originally within the jurisdiction of that court. It is an appellate court for the rehearing and the reëxamination of matters, not particular questions merely that have been acted upon in the court below.

The report of commissioners appointed to set out homestead and dower does not become operative or of binding force until it is returned to the court making the appointment, accepted and recorded by that court, and a certified copy thereof recorded in the town clerk's office where deeds

of such lands are by law required to be recorded.   R. L., ss. 1907, 2222.   If an appeal is taken and entered in the county court, the doings of the commissioners and the order of the probate court are vacated, and do not have the effect to sever the homestead and dower from the other real estate, or to fix and determine the right of the widow to the same; and in determining the right of the widow to homestead and dower and setting out the same, the appellate court has the power given by statute to the probate court, and may proceed in the manner provided by statute for setting out homestead and dower in the probate court.

R. L., s. 1907, provides that where, in a case not in chapter 95 otherwise provided for, it is necessary, in a proceeding at law or in equity, to sever or set out a homestead from other real estate, the court in which such proceedings are pending may appoint three commissioners to appraise and set out such homestead.   R. L., s. 1900, provides that commissioners appointed to set out the homestead shall, where a right of dower also exists, first set out the homestead and, from the residue of the real estate of the deceased, set out the dower.   Under this section, the commissioners set out a homestead and dower to the appellee and made report of their doings to the probate court, and the same was approved by the court and ordered to be recorded; from this order the appellant was entitled to an appeal to the county court.

*Judgment reversed; the appellee's motion to dismiss overruled; cause remanded to county court for further proceedings.*