IN RE WM. W. PARTRIDGE'S ESTATE.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 22, 1929.

*Roland E. Stevens* for the appellants.

*Fred Bicknell* and *Robert W. Twitchell* for the appellee.

SLACK, J. William W. Partridge of Manchester, New Hampshire, died intestate leaving property in this State. Administration was taken out in the district of Hartford on the application of A. Chesley York, a Massachusetts creditor, and Henry B. Chapman, a resident of Hartford district, was ap-

pointed administrator. York's claim, which was the only one presented so far as appears, was finally allowed at $10,361.11. The assets in the hands of the administrator amounted to $2,229.74. On July 26, 1926, the probate court entered a decree allowing the final account of the administrator, and directing that the balance in his hands, after paying all claims incurred in the settlement of the estate, to wit, $1,104.28, be applied on the York claim. From such decree Alliston L. Partridge, as administrator of decedent's estate in New Hampshire and as next of kin of decedent, and Roland E. Stevens, appealed to the Windsor county court. That court on facts found and stated in effect, affirmed the decree of the probate court, and the case is here on appellants' exceptions.

The appellants filed with their application for an appeal an instrument in writing in which were combined objections to certain parts of the decree, a declaration or complaint, setting forth their claims respecting the matters objected to, and a history of what transpired in the defense of the York claim. Although this instrument contains five, single-spaced, typewritten pages, the only issues raised were the validity of Mr. Stevens' bill in defending the estate against the York claim, the liability of the administrator for six per cent. interest on the estate assets, and whether the balance in his hands should be remitted to the New Hampshire administrator. No answer to this instrument was filed, and at the beginning of the trial, and before any evidence had been introduced, appellants moved for judgment that the Stevens' claim be allowed in full as part of the final account of the administrator; that the administrator be charged with six per cent. interest on the estate assets; and that the balance in his hands be ordered remitted to the New Hampshire administrator, on the ground that since no answer had been interposed to the instrument filed by them the allegations thereof should be taken as admitted. The motion was denied, and appellants excepted. G. L. 3459; *Kendrick* v. *Harris,* 1 Aikens, 273; *Baker* v. *Goodrich,* 1 Aikens, 395; and *Howe's Exrs.* v. *Pratt,* 11 Vt. 255, are relied upon by appellants in support of their claim. G. L. 3459 makes no provision respecting the pleadings subsequent to the objection and complaint, or declaration. While the cases cited contain expressions that may lend support to appellants' contention, there is no hard and fast rule on the subject. As in other cases, the plead-

ings were subject to amendment at any time so long as the opposing party was put to no disadvantage. The circumstances were such that everyone connected with the case knew, or ought to have known, that the defense was a general denial of the issues presented. The court might have permitted the filing of such a denial at the time the motion was presented (*Francis* v. *Lathrope's Admrs.*, 2 Tyler, 372; *Brown* v. *Brown*, 66 Vt. 76, 28 Atl. 666), or it might, as it apparently did, treat such denial as filed (county court rule 15), and go forward with the trial. This exception is without merit. This also disposes of the second exception.

■  In cross-examination, the administrator after testifying that he employed Mr. Twitchell to represent the estate was asked if he hired any other lawyer, and subject to Mr. Stevens' objection that the witness was estopped from denying that he employed him, was permitted to testify to his relation with Mr. Stevens. The exception is unavailing. Besides, the evidence of the witness was such that the court evidently found that Stevens was employed since his bill was allowed in part.

■■  The next two exceptions are to the striking off of appellant Partridge's appearance in this case. At the time that was done there had been no attempt to show his appointment as administrator, or that there were any claims against the estate in New Hampshire other than those which had been paid by the Vermont administrator with consent of the heirs. Obviously Partridge had no standing in this case as administrator without proof that he was such, and as next of kin he was not harmed by the court's action since he, in effect, admitted that the estate was insolvent, and that the heirs and next of kin would receive nothing therefrom. In these circumstances harmful error does not appear in the court's ruling, irrespective of its view of the law expressed at the time.

■  Later in the trial, Partridge offered to show that he had been appointed administrator of decedent's estate in New Hampshire, and that there were debts against said estate in that state "which had been presented to the administrator in accordance with the laws of the State of New Hampshire," and that he had incurred expenses and costs as such administrator which had not been paid. This offer was excluded on the ground that since these matters had not been presented to the probate court they were not for consideration in the county court. The court

erred respecting the scope of inquiry permissible in that court. It is said in *Maughan* v. *Estate of Burns,* 64 Vt. 316, 23 Atl. 583, that the county court has, by statute, appellate jurisdiction of matters originally within the jurisdiction of the probate court, and, in such appeals, it sits as a higher court of probate, and its jurisdiction is co-extensive with that of the probate court. It is not limited to the particular questions that arise in the probate court in the matter appealed, but is expressly extended to matters originally within the jurisdiction of that court. It is an appellate court for the rehearing and reexamination of matters, not particular questions merely that have been acted upon in the court below. See, also, *Adams* v. *Adams,* 21 Vt. 162; *Hilliard* v. *McDaniels' Admr.,* 48 Vt. 122; *Brown* v. *Brown,* 66 Vt. 76, 28 Atl. 666; *In re Peck's Estate,* 87 Vt. 194, 211, 88 Atl. 568. But even if the court misconstrued the law, it does not follow that the exclusion of this evidence, in the circumstances, constitutes reversible error. The offer was short in several particulars. It did not point out the purpose of this evidence, whether to show a basis for a distribution of the estate under G. L. 3378, or to induce the court to remit the balance to the New Hampshire administrator; neither did it disclose who the New Hampshire creditors were, other than the administrator, the nature of their claims, or that the validity of such claims had been determined by the proper tribunal. So far as the offer related to Partridge's appointment as administrator it was sufficient; but, since the establishment of that fact alone could not have changed the result, the exclusion of that evidence was harmless. So far as the offer related to the New Hampshire claims its exclusion, because of the shortgage indicated, did not constitute error.

■ This brings us to the claim of appellants that the assets remaining for distribution should be remitted to the New Hampshire administrator. Assuming for the purpose of this question that his appointment and authority were fully established, he could not demand such assets as a matter of legal right. Whether they should be remitted to him was for the determination of the lower court in the exercise of a sound judicial discretion. *In re Lawrence's Will,* 93 Vt. 424, 108 Atl. 387, and cases cited. And since it is not claimed that that court abused its discretion there is nothing for us to consider.

■ ■ The appellants requested a finding that the administrator mingled the funds of the estate with his own, which was denied, and they excepted. The only evidence bearing on this question which has been called to our attention is that of the administrator. He testified: ''I used the money for a time, part of it; the whole of it was on deposit here, it was deposited with my account and I used part of it for a period, and the balance of it is here on deposit and has been since 1925. * * * * * I haven't lost any of the money of the estate, I simply used it; it was more convenient to use it at that time, and I arranged with my own money to make it good. I brought up the balance of the account to what it was originally.'' He further testified: ''Q. This money of the estate was mingled with your own funds, all the time? A. Not all of the time, no sir, it was a special account in the White River Bank.'' This evidence manifestly required the finding asked for (*McCloskey* v. *Gleason,* 56 Vt. 264, 48 A. R. 770; *Walworth's Estate* v. *Bartholomew's Estate,* 76 Vt. 1, 56 Atl. 101, and cases cited), had the court not dealt otherwise with the matter. It appears that for some reason, and none other was shown, the administrator was not allowed anything for his services during the entire time he acted as such, nor for counsel fees in the trial below. We cannot say that he has not been sufficiently dealt with for his misconduct, in the absence of any showing as to the extent he used the estate funds or mingled them with his own. It should be observed in passing that no question regarding the burden of proof on these issues has been raised. The only purpose for the requested finding was the basis for subsequent action, and such action having been taken, the refusal to find, though error, was harmless.

■ The appellants requested the court to find that as a matter of law the sending of a certain check to Stevens by the administrator with an accompanying letter under date of May 2, 1925, wherein it was stated that the check was on account of services and expenses in connection with the Partridge estate, was an acknowledgment by the administrator that Stevens had been employed before that time to defend the York suit in the county court, and to its refusal excepted. The exception is without merit. The letter has no tendency to show what is claimed for it. The York suit was tried in county court nearly two years before the letter was written and was then pending

in this Court.   See *York* v. *Partridge's Estate,* 99 Vt. 329, 132 Atl. 37.

This disposes of all questions raised.

It should be said in fairness to ourselves that we have used the word ''appellants'' in instances where it will be apparent that the claims and interests of Partridge and Stevens are entirely separate and distinct, because they not only joined in the application for an appeal, but also in the subsequent pleadings, and it would require too much space to indicate in each instance which is referred to.

*Judgment affirmed.   To be certified to the Probate Court.*

NOTE.   CHASE, J., sat at the hearing of this case, but having retired, took no part in its disposition.