GRACE ELIZABETH EVERETT ET AL. *v.* AMY WING ET AL.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 6, 1931.

489

. *Frank E. Barber, Ernest W. Gibson, Jr.,* and *John Wattawa* (of Washington, D. C.) for the plaintiffs in error.

*Warren R. Austin, E. Barton Chapin* (of Boston, Mass.), and *Collins M. Graves* for the defendants in error.

MOULTON, J. Edward H. Everett, of Bennington, died testate, leaving him surviving a widow, Grace Burnap Everett, and two minor daughters, Grace Elizabeth Everett and Sarah Everett (these two minors being the plaintiffs herein), and three daughters by a former marriage, Amy Wing, Mary E. Turri, and Ann E. Seldon, the defendants herein. His will was

presented for probate to the probate court for the District of Bennington, and an order for the statutory notice by publication was made and complied with. Thereafter, on hearing, the probate court adjudged that the will was duly proved, and allowed the same as the last will and testament of the deceased. The three defendants appealed from this decree to the county court. The probate court appointed as special administrators, pending the outcome of the appeal, the three executors named in the will, Grace Burnap Everett, George R. Colby, and The American Trust Company, of New·York City, and in addition to them, William A. Root, and ordered that notice of the appeal should be given to them by the appellants, which order was duly complied with. The required bond was filed and the appeal was entered in the Bennington county court under the title ''In re Estate of Edward H. Everett, Grace Burnap Everett, George R. Colby, American Trust Company and William A. Root, special administrators, proponents; Amy Wing, Ann Everett Seldon and Mary Turri, contestants and appellants.'' After a trial by jury the verdict was in favor of the contestants that ''the! instrument presented for probate is not the last will and testament of the said Edward H. Everett.'' The proponents' motion to set aside the verdict was denied, judgment was entered on the verdict, and the cause is now pending before this Court upon proponents' exceptions.

After all this had taken place, but within the time allowed by G. L. 2273, the plaintiffs, by their next friend, brought this writ of error returnable to this Court, under the provisions of G. L. 2267 and 2268. In pursuance to an order signed by one of the Justices of this Court, the clerk of Bennington county court has transmitted to us the record, files, and process in the cause above referred to, together with the writ in this case.

The assignments of error contained in the writ are that, since the plaintiffs were legatees under the will, and heirs at law of their deceased father, they were necessary parties to any proceedings touching the probate of the will, and entitled to notice and service of process; that they had no notice, and no process was served upon them or upon anyone in their behalf, concerning the proceedings in the Bennington county court; that it nowhere appears of record that they appeared in or were made parties to such proceedings, which were litigated between the persons appointed as special administrators, as proponents,

492

on the one hand, and the three daughters above named, as contestants, on the other; or that a guardian *ad litem* was appointed for them; and that therefore the process upon which the judgment was rendered by the county court and the judgment itself were void.

In this State the probate of a will is a proceeding *in rem*, being in form and substance upon the will itself to determine its validity. The judgment determines the status of the instrument, whether it is or is not the will of the testator. When the proper steps required by law have been taken the judgment is binding upon everybody, and makes the instrument as to all the world just what the judgment declares it to be. *Woodruff* v. *Taylor*, 20 Vt. 65, 73; *Burbeck* v. *Little*, 50 Vt. 713, 715; *Missionary Society* v. *Eells*, 68 Vt. 497, 504, 35 Atl. 463. The proceedings before the probate court are statutory and are not governed by common-law rules as to parties or causes of action. *Holdridge* v. *Holdridge's Estate*, 53 Vt. 546, 550; *Purdy* v. *Estate of Purdy*, 67 Vt. 50, 55, 30 Atl. 695. No process is issued against anyone in such proceedings, but all persons interested in determining the state or conditions of the instrument are constructively notified by the publication of notice as required by G. L. 3219. *Woodruff* v. *Taylor, supra; In re Warner's Estate*, 98 Vt. 254, 271, 127 Atl. 362. Under the practice in Massachusetts, which in this respect is so similar to our own that the decisions of the Supreme Judicial Court of that state upon this subject are valuable as authorities here (see *Adams* v. *Adams*, 21 Vt. 162, 167), it has been held that while all of the next of kin of the deceased are interested in the validity of the will, no one of them is a necessary party to the proceedings to determine it, and the law does not require that personal notice shall be given to anyone of them, the general notice being sufficient to justify final proceedings even if in fact it fails to reach some of the persons interested. If some of the heirs are infants, idiots, or insane persons their disqualification does not deprive the court of its power to proceed without them. Any person interested may make himself a party by applying to the proper tribunal, but, the decree being in the nature of a judgment *in rem*, he is forever bound by it whether he is in fact a party or not. *Bonnemort* v. *Gill*, 167 Mass. 338-340, 45 N. E. 768, and cases cited; *Tyler* v. *Board of Registration*, 175 Mass. 71, 76, 55 N. E. 812, 51 L. R. A. 433; *Renwick* v.

*Macomber,* 233 Mass. 530, 124 N. E. 670; *Fuller* v. *Sylvia,* 243 Mass. 156, 137 N. E. 173, 174; *Donnell* v. *Goss,* 267 Mass. 444, 169 N. E. 150, 151. Indeed, as is said in *Culvertson* v. *H. Witbeck Co.,* 127 U. S. 326, 32 L. ed. 134, 137, 8 Sup. Ct. 1136; "Unless the necessary parties in such cases could be brought before the Court by publication there would be in many cases an impossibility of doing it at all."

 Such notice by publication in proceedings of this kind is not a denial of due process of law under the Fourteenth Amendment to the United States Constitution. *Security Savings Bank* v. *California,* 263 U. S. 282, 287, 288, 68 L. ed. 301, 44 Sup. Ct. 108, 110, 111, 31 A. L. R. 391; *Grannis* v. *Ordean,* 234 U. S. 385, 393, 58 L. ed. 1363, 1368, 34 Sup. Ct. 779; *Pratt* v. *Hawley,* 297 Ill. 244, 130 N. E. 793, 796; *Dickey* v. *Vann,* 81 Ala. 429, 430, 8 So. 195. True, it may sometimes happen that hardship results from an application of this rule, but, to quote Mr. Justice Holmes, in *Blinn* v. *Nelson,* 222 U. S. 1, 7, 56 L. ed. 65, 68, 32 Sup. Ct. 1, 2, Ann. Cas. 1913B, 555: "Now and then an extraordinary case may turn up, but constitutional law, like other mortal contrivances, has to take some chances, and in the great majority of instances, no doubt, justice will be done."

 On appeal from the probate court the county court sits as a higher court of probate, with coextensive jurisdiction. *In re Partridge's Estate,* 102 Vt. 9, 14, 144 Atl. 861; *In re Prouty's Estate,* 101 Vt. 496, 501, 144 Atl. 691; *In re Warner's Estate, supra;* *Parkhurst* v. *Healy's Estate,* 97 Vt. 295, 296, 122 Atl. 895; *In re Peck's Estate,* 87 Vt. 194, 211, 88 Atl. 568; *In re Welch's Will,* 69 Vt. 127, 131, 37 Atl. 250; *Buffum* v. *Haynes' Estate,* 68 Vt. 534, 537, 35 Atl. 474; *Maughan* v. *Estate of Burns,* 64 Vt. 316, 320, 321, 23 At. 583; *In re Weatherhead's Estate,* 53 Vt. 653, 658. By the appeal the county court takes for consideration the identical matter that was before the probate court. *In re Welch's Will, supra.* The judgment of the county court, when certified to the probate court, is binding upon the latter. *Buffum* v. *Haynes' Estate, supra.* The proceedings in the county court are not like ordinary actions at law where the parties of record are the only ones to be affected by the result; ordinarily there are other persons interested besides those named in the record who will be concluded by the judgment. *Williams, Ex'r* v. *Robinson,* 42 Vt. 658, 663, 1 A. R. 359; *In re Weatherhead's Estate, supra,* 53 Vt. at page 659.

Such proceedings on appeal are in the nature of proceedings *in rem*. *In re Peck's Estate, supra*. The fact that they are in form proceedings *inter partes* does not affect their true character in this respect. *Ex parte Walter,* 202 Ala. 281, 80 So. 119, 121; *In re Relph's Estate,* 192 Cal. 451, 221 Pac. 361, 364. Their object is to establish the status of the instrument which has been propounded as the last will and testament of the testator.

It is clear that under our practice an appeal to the county court from the allowance of a will by the probate court is not a new and independent proceeding required to be commenced by a new notice or service of process, but simply a continuation of that already commenced in the probate court. It is the extension of the right to contest the will which existed upon the original hearing. *Allen* v. *Pugh,* 206 Ala. 10, 89 So. 470, 472; 2 Page on Wills, (2d ed.) par. 542. The statutory notice of the appeal (G. L. 3463) is not notice of newly commenced litigation; it is notice only that a certain step has been taken in proceedings of the commencement of which legal and sufficient notice has already been given to everyone interested. The provision of G. L. 3465 that "the appellant shall file in the county court to which the appeal is granted * * * evidence that notice has been given to the adverse party according to the order of the probate court" does not require that actual notice be given to those who may be interested either in the allowance or disallowance of a will, but who have not appeared in the proceeding in response to the statutory notice by publication. It refers to those parties who have made themselves such of record, and the form and manner of the notice are matters lying within the sound discretion of the probate court. G. L. 3463, and see *In re Hathaway's Will,* 75 Vt. 137, 142, 53 Atl. 996; *Parkhurst* v. *Healy's Estate, supra.* No question of the denial of due process is involved because the Fourteenth Amendment has no application to proceedings in an appellate tribunal to review the action of a lower court, which may be taken upon such notice, personal or constructive, as the state creating the tribunal may provide, since they are considered as rather a continuation of the original litigation than the commencement of a new action. *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. ed. 565, 573.

The plaintiffs herein have no cause to complain. Legal and sufficient notice was given them by publication when

the will was first presented for probate. Nothing further was required. The proper steps, as required by law, have been taken, and none of their legal rights have been infringed.

Neither is there merit in the contention that a guardian *ad litem* should have been appointed by the county court. The plaintiffs had not made themselves parties of record. Doubtless the court might have appointed such a guardian for them as being interested in the subject-matter in question (G. L. 3649) had the matter been brought to its attention, as does not appear to have been done by anyone. But, in the absence of a specific statutory requirement to that effect, a guardian *ad litem* is not necessary in proceedings for the probate of a will. *Mousseau's Will,* 30 Minn. 202, 14 N. W. 887; *In re Bayer's Estate,* 116 Neb. 670, 218 N. W. 746, 747. See, also, *Warren* v. *Pazolt,* 203 Mass. 328, 345, 89 N. E. 381; *Long* v. *Simmons Female College,* 218 Mass. 135, 105 N. E. 553, 554; *Calhoun* v. *Cracknell,* 202 Mich. 430, 168 N. W. 547, 549; *Johnson* v. *Cooper,* 56 Miss. 608, 615, 616; *Frisby* v. *Harrison,* 30 Miss. 452, 456.

*Writ of error dismissed, with costs.*