FREDERICK BELLOWS v. EDWARD A. SOWLES, EX'R.

[In Chancery.]

*Court of Chancery, Jurisdiction of, in aid of Probate Court. Legacy. Executor. Pleading.*

1. When the Probate Court has decreed the payment of a legacy, a court of equity has jurisdiction to compel the executor to pay it.
2. And when a legatee brings a bill to enforce the payment of a legacy, it appearing that no other legatee or creditor is interested, they need not be joined as parties.

BILL IN CHANCERY. Heard on demurrer to the bill, September Term, 1884, ROYCE, Chancellor. Demurrer overruled.

The bill alleged, that one Hiram Bellows bequeathed to the "surviving children of James F. Bellows $2,000 each," &c.; that the orator "is a son of the said James F. Bellows named in the will of the said testator, and one of the legatees named in said will"; that the Probate Court had decreed that the defendant should pay to each of the legatees named in the will the sum bequeathed to him. The bill prayed that an account might be taken, and that the defendant be decreed to pay what was due on the legacy.

*E. A. Sowles,* for the defendant, cited to prove that the court had not jurisdiction, *Adams* v. *Adams,* 22 Vt. 50; *Bank* v. *Kidder,* 20 Vt. 522; *Sherman* v. *Abell,* 46 Vt. 547; *Boyden* v. *Ward,* 38 Vt. 628; *Merriam* v. *Hemmenway,* 26 Vt. 565; *Morgan* v. *Rolch,* 97 Mass. 396; *Walker* v. *Cheaver,* 35 N. H. 345; Will. Ex. p. 2006-7; 1 Story Eq. s. 543.

*Wilson & Hall,* for the orator, cited *Sparhawk* v. *Buell,* 9

Vt. 41; *Howard* v. *Brown,* 11 Vt. 361; 3 Wait Act. & Def. 260; *In re Leach,* 51 Vt. 630; *Holmes* v. *Holmes,* 36 Vt. 538; 1 Story Eq. 540-4; 1 Pom. Eq. Juris. s. 156; 3 Pom. Eq. Juris. ss. 1127, 1154.

The opinion of the court was delivered by

TAFT, J.   The only substantial objection urged by the defendant to a decree, is that chancery has no jurisdiction.   It is true, as he insists, that the jurisdiction of the settlement of estates is vested in the Probate Court, but it is equally true that "in the case of unpaid legacies the Court of Chancery has always exercised a kind of general concurrent jurisdiction, as in matters of account." *Adams* v. *Adams,* 22 Vt. 50.   This interference is in aid of the powers of the Probate Court.   When the latter court ordered the payment of the legacies named in the will of Hiram Bellows, it is probable that it had exhausted all its power to enforce their payment; its functions were inadequate to that purpose; it could not give full redress; hence a court of equity retains its ancillary jurisdiction in the matter.

We think it is sufficiently alleged in the bill that the orator is one of the legatees under the will; and as no other legatee or creditor is interested in the legacy to the orator, there is no necessity of making any of them parties.

The decree of the Court of Chancery is affirmed and cause remanded with leave to the chancellor to permit the defendant to answer.