FRANKLIN COUNTY, JANUARY TERM, 1886.

[CONTINUED FROM PAGE 414.]

HIRAM B. WEEKS *v.* EDWARD A. SOWLES.

SADIE M. WEEKS *v.* SAME.

*Judge. Legacy, Action at Law for. Pleading. Action of
Debt. Executor. Evidence. Officer's Return.*
R. L. s. 692.

1. An action of debt will lie against an executor upon a decree of the. Probate
   Court to recover a legacy.
2. In such action, it is not necessary to allege that the executor has the legacy in his
   possession; nor that the debts, funeral charges, etc., had been paid.
3. OFFICER'S RETURN—EVIDENCE OF ATTACHMENT. The proper evidence of an
   attachment is the officer's return on the original writ, and until that is proved
   to have been lost, a copy is not admissible.
4. The record does not disclose that the judge who tried the suit was interested in
   its results.

ACTION of debt on a decree of the Probate Court. Heard
on demurrer to the declaration, April Term, 1885, ROYCE,
Ch. J., presiding. Demurrer overruled, and declaration
adjudged sufficient.

Before the hearing commenced the defendant objected to
the case being tried by the court, alleging orally that its
presiding judge was disqualified to sit on the trial of the
case, because he was interested in the event of the suit, in
this that said presiding judge was a depositor and creditor
of the First National Bank of St. Albans, which is insolvent,
and of which Daniel Roberts is receiver, and that said re-
ceiver had brought a suit against the defendant and attached,
among other property, the property attached by the plaintiff
in this case.

*E. A. Sowles, pro se.*

The presiding judge had an interest as a depositor and creditor of the First National Bank of St. Albans, which was a subsequent attaching creditor on defendant's property. R. L. s. 692. The declaration is insufficient. R. L. s. 2239. The executor is not liable in this form of action. The remedy is on the bond or in chancery. 2 Will. Ex. 1776; *Bellows* v. *Sowles*, 57 Vt. 411; Throop Verb. Agr. 42.

*Wilson & Hall* and *Cross & Start*, for the plaintiffs.

Although a court of equity has a general concurrent jurisdiction in cases of unpaid legacies (see *Adams* v. *Adams*, 22 Vt. 58), it is not an exclusive jurisdiction. Pom. Eq. 187; 1 Story Eq. s. 592; 3 Wait Act. & Def. 260; Sch. Ex. 488; Perry Tr. 843; *Howard* v. *Brown*, 11 Vt. 361.

That an action at law may be maintained against the executor after a final decree of distribution is inferentially held in *Adams* v. *Adams*, 16 Vt. 228, which case was decided after the passage of this law in 1839.

The opinion of the court was delivered by

TAFT, J. I. The defendant objects to the judgments below for that the judge who presided was interested in the suit, and so disqualified under R. L. s. 692. The record does not disclose the fact that he was interested; and the only question upon this branch of the case is, did the court err in excluding the evidence offered? The defendant offered in evidence a copy of a writ of sequestration served upon him on the 17th day of November, 1884, in favor of the receiver of the First National Bank, upon which writ it was claimed the same property had been attached as was attached in these suits. It was conceded that Judge ROYCE was a depositor in said bank and a creditor. The proper evidence of the attachment was the officer's return upon the original writ, and, until its loss was shown, the copy offered was not admissible. No offer to show its loss was made. Admitting

the fact of the attachment, it was immaterial, unless the suit was then pending, *non constat* it may have been settled, not entered in court, or otherwise discontinued. No offer to show the pendency of the suit was made, and evidence of the attachment was immaterial. The evidence was properly excluded.

II. The plaintiffs claim to recover by virtue of sec. 2239 R. L.; and it is upon the construction given to this section that their rights depend. The section reads as follows:

"After payment of the debts, funeral charges, and expenses of administration, and after the allowances made for the expense of the maintenance of the family of the deceased, and for the support of his children under seven years of age, and after the assignment to the widow of her dower and of her share in the personal estate, or when sufficient effects are reserved in the hands of the executor or administrator for the above purposes, the Probate Court shall assign the residue of the estate to the persons entitled to the same; and in its order the court shall name the persons and proportions or parts to which each is entitled; and such persons may demand and recover their respective shares from the executor or administrator, or any other person having the same in his possession." The first objection made by the defendant under his demurrer is, that there is no allegation in the declaration that the debts, funeral charges, etc., had been paid. This is not tenable. The action is debt upon the decree of the Probate Court; and enough of the proceedings in that court should be recited, or stated, to show that all the necessary parties were properly in court, and that the general nature of the subject-matter was within the cognizance of that court; and that the decree in question was rendered. These facts are sufficiently stated in the declaration. Whether the debts and funeral charges have been paid cannot now be inquired into; these questions were settled in the Probate Court; they are *res adjudicata.* In this proceeding it is unnecessary to prove such facts, and it is unnecessary to allege what is not required in proof.

III. The defendant claims that the declaration in the action in favor of Hiram B. Weeks is defective in not alleging with sufficient certainty that the defendant was in possession of the legacy claimed by the plaintiff. The action against the person who is executor or administrator does not depend upon whether the defendant has the legacy in his possession; he may have parted with it, but he cannot relieve himself from an action by doing so. When the action is brought against a person, not the executor or administrator, and liable only from having the property in his possession, it may be necessary to allege that fact, but it is clearly not so in the case at bar; it is unnecessary to allege a fact which is not essential to the plaintiff's cause of action.

IV. The last point taken under the demurrer is, that no action at law can be maintained for the recovery of a legacy; and the defendant cites as authority *Bellows* v. *Sowles, Ex'r,* 57 Vt. 411. That case decides that a legatee has a remedy in equity, not that he has none at law; remedies are often concurrent, and the doctrine in that case is not decisive of this. Williams Ex. s. 1776, 1785. But these sections relate to the liability of an executor upon his own contracts. It is not claimed in this case that the defendant is liable upon any contract that he has made; so this authority is inapplicable. Throop Verb. Agr. s. 42. This section (42) refers to the rule as held in different jurisdictions as the same is stated hereafter.

It was at first held in England that an action might be maintained in a court of common law against an executor upon his promise to pay a general legacy in consideration of assets. *Atkins* v. *Hill,* Cowp. 284; *Hawkes* v. *Saunders,* Ibid. 289. But these cases are considered as overruled by the decision of *Deeks* v. *Strutt,* 5 Term, 690; and although in the latter case the executor had made no express promise to pay, the judgment of Lord KENYON has been generally considered as an unqualified decision that an ac-

tion at law cannot be maintained for a legacy; and later cases have held the same doctrine.   Williams Ex. 1931, and cases cited.   In several of the United States a legatee may maintain an action at law against an executor to recover a general legacy; but in nearly all such cases it is by force of statutes giving the right to maintain such actions  in express terms, after the expiration of a specified time, and where the executor has assets applicable to the payment of the legacy.   Such seems to be the rule in Massachusetts, New York, and Pennsylvania, while in others,  particularly Connecticut, it is held, that without the aid of any statutory provision, an action at law can be maintained upon the ground of an implied assumpsit raised by the possession of assets, and the expiration of the time within which the legacy should have been paid, without any express promise, the objections which the English courts make to sustaining the action, namely, the impracticability of making suitable provisions for married women, etc., being regarded as obviated by the extensive jurisdiction of the Probate Court, and the many rights granted married women by modern legislation.   The reasons for the rule in England do not exist here. The rights of all legatees, whether married women or infants, are as fully protected by legislation as they  could be by any administration of the trust in equity; and we think without the aid of any statute, that the Connecticut rule is the better doctrine.   But the language of our statute is that upon the decree of the Probate Court, which is only made after all contingencies of the liability of the executor are provided for, and it is shown that the executor has assets sufficient to pay the legacies, the party to whom a legacy or share in the estate is decreed, *may demand and recover his respective share* from the executor, or from any person who has obtained possession of it.   In what manner can a party demand and recover a sum of money from another except by an action at law ?   The legatee had the undoubted right before the statute to maintain a proceeding

Weeks *v.* Sowles.

in equity to recover his legacy, and we think the statute would be no plainer in meaning if it read "recover in an action at law." What harm can befall the executor? He has the money in his hands; he has no right to it; it belongs to the legatee; the statute says that the latter may recover it after demand; and we perceive no reason why an action of debt may not well lie upon the decree of the Probate Court. The result is the judgments are affirmed.

Ross, J., did not sit.