BELLOWS et al. v. SOWLES et al.

(Circuit Court, D. Vermont. December 13, 1892.)

1. EXECUTORS—RIGHTS OF LEGATEES TO FOLLOW ASSETS.
   In Vermont, after a decree by the proper probate court charging an executor with assets sufficient to pay all the legacies, the rights of the legatees vest entirely upon the decree, and they cannot follow the assets into the hands of third persons, who acquired them from the executor after the decree was rendered.

2. SAME.
   After the entry of such a decree in a case where the will provides that no bonds shall be required of the executor, the legatees are remitted entirely to the personal responsibility of the executor; and, if they fail to assert their rights against him until he becomes insolvent, they stand in no better position than other creditors.

**3. SAME—EQUITY.**
Even if the legatees had a right to pursue such assets ordinarily, it would be inequitable to allow them to do so after a delay of nine years in proceeding against the executor, during which time the right of action against him has become barred by limitation.

In Equity. Bill brought in the state chancery court by Frederick Bellows and Charles B. Weeks against Edward A. Sowles, Margaret B. Sowles, Susan B. Sowles, and Chester W. Witters as receiver of the First National Bank of St. Albans. The last-named defendant removed the cause to this court. Decree dismissing the bill as to him, and remanding the cause to the state court as to the other defendants.

Daniel Roberts, for orators.
Edward A. Sowles, pro se.
Chester W. Witters, pro se.

WHEELER, District Judge. This suit was brought in the court of chancery of the state against the defendant Edward A. Sowles, executor of two wills, to recover pecuniary legacies to the orators in each, because of assets of the testators acquired by the other defendants of the executor after a decree on the 30th of March, 1881, in the probate court having jurisdiction, charging him with assets sufficient to pay all the legacies, and decreeing payment of them to the legatees, including these orators. The defendant Witters, as receiver of the First National Bank of St. Albans, removed the cause as to him into this court. It has proceeded here somewhat as if the whole case was in this court.

In general, the personal assets of the testator belong to the executor, and may be disposed of by him so as to pass a good title. Redf. Wills, pt. 2, c. 8, §§ 2, 32. In Vermont, real estate necessary to pay debts and legacies is holden by the executor, and cannot be recovered by others. R. L. Vt. §§ 2132, 2133, 2137. The orators have no rights to anything but their legacies, as decreed to them by the probate court. No one but the executor or an administrator of assets not administered upon can recover assets for distribution among the legatees. In Abell v. Howe, 43 Vt. 403, much relied upon in behalf of these legatees, the bill was brought by an administrator de bonis non, and not by the devisee. Thus the orators do not appear to stand upon any right by which to maintain this bill.

Besides this, the assets of these estates, so far as these legatees are concerned, have been administered upon. The executor has been charged with them to a sufficient amount, and been decreed by the probate court to pay the legacies. When that was done, the orators became entitled to decrees in equity against the executor to compel payment of the legacies. Bellows v. Sowles, 57 Vt. 411. Actions of debt against the executor on the decree also accrued to them at the same time. Weeks v. Sowles, 58 Vt. 696, 6 Atl. Rep. 603. These actions of debt, so far as appears here, would seem to have been barred after eight years from the time when they accrued; that is, by March 31, 1889. R. L. Vt. § 956. The executor was primarily liable for the assets in the probate court. The defendant Witters,

as receiver, can be, and is claimed to be, chargeable only under the executor, and what would discharge the executor would discharge him. Spencer v. Dearth, 43 Vt. 98. This bill was not brought till March 27, 1890. This defendant has not set up the statute of limitations, and perhaps could not, as a bar, in favor of the executor, but has answered that the assets sought to be reached were acquired by the executor and residuary legatees as of their own property, after the decree of distribution. To charge him with these assets, after such long delay about pursuing the executor beyond the statute period, would be highly inequitable.

Besides, further, charging the executor with these assets in the probate court as a foundation for decreeing payment of the legacies made them his own as to the legatees; and their rights to their legacies thereafter rested upon the decree. Sowles v. Witters, 39 Fed. Rep. 403. The wills provided that the defendant Edward A. Sowles should be executor without surety. But for this, the laws of the state would have required bonds with sufficient surety for the security of the legatees, as well as all others interested. The legatees had no right to any legacy except as should be provided for in the wills, and the testators could provide for them upon such security for payment as they should see fit to require. They required none but the personal security of the executor; and, when he was decreed to pay the legacies, his personal responsibility for the performance of the decree was all the security that the testators intended the legatees should have. The legatees allege that he became insolvent in 1882. If so, by waiting while he was solvent till he became insolvent, they put themselves in the same situation with others who trusted to his continuing to be solvent. In no view do the orators appear to be entitled to any decree against the defendant Witters as receiver.

As one of the orators and all the defendants are citizens of this state, this court has no jurisdiction of the rest of the case. As this want of jurisdiction appears now, the rest of the case must, by section 5 of the act of 1875, be remanded to the state court. Let a decree be entered dismissing the bill of complaint as to the defendant Witters, with costs; and let the residue of the case be remanded to the court of chancery for the county of Franklin, without costs.