564 FEDERAL REPORTER, vol. 54.

SOWLES v. FIRST NAT. BANK OF ST. ALBANS et al.

(Circuit Court, D. Vermont. March 10, 1893.)

1. EQUITY—PLEADING—RIGHTS OF LEGATEES.
A bill in equity by a legatee to reach assets of an estate converted by an executor, and transferred to a bank, which alleges that the oratrix sues in her own right, and as an assignee of other legatees named, and that the executor has paid a large number of legacies, and a large number remain unpaid, fails to allege an assignment, or that the legacies of complainant or the assignors have not·been paid, and hence states no ground of action.

2. EQUITY JURISDICTION—SETTLEMENT OF ESTATES—PROBATE COURTS.
The jurisdiction of the probate courts of Vermont in settlement of estates being exclusive, assets cannot be brought into chancery for distribution by those having equitable claims against the same, and such exclusive jurisdiction will be fully recognized by the federal courts.

3. WILLS—LEGACIES—WHEN A CHARGE ON PROPERTY.
The mere fact that there is a residuary legatee aoes not make the specific legacies a lien on the estate in the hands of the executor. Lewis v. Darling, 16 How. 1, distinguished.

4. EXECUTORS—CONVERSION OF PROPERTY—SETTLEMENT OF ACCOUNTS — LEGACIES.
Where an executor converts property of the estate so as to hold it as his own, and thereafter, on a settlement of his accounts, is decreed to pay, and does pay, legacies exceeding the amount of the converted property, the property thereupon becomes his own, and an unpaid legatee cannot follow it into the hands of a third person, to whom he transfers it.

5. SAME—RIGHTS OF LEGATEES—LACHES.
In Vermont a legatee acquires a right of action against the executor from the date at which the probate court orders the legacy to be paid; and when, after such order, the executor transfers property of the estate to a third person as his own, a delay by the legatee of six years after such transfer, in bringing suit to charge such property, will render his claim stale.

In equity. Bill by Susan B. Sowles, in her own right, and as assignee of Jennie Bellows and Hiram Bellows, against the First National Bank of St. Albans, Chester W. Witters, as receiver of the bank, Edward A. Sowles, and Margaret B. Sowles, to have the avails of certain specific personal property transferred by Edward A. Sowles, executor of Susan B. Bellows, in his individual capacity, to such bank, applied to the payment of unpaid legacies. The cause was removed from the state court of chancery. 46 Fed. Rep. 513. Dismissed as to defendant Witters, and the residue of the cause remanded.

Edward A. Sowles and Henry A. Burt, for oratrix.
Chester W. Witters, pro se.

WHEELER, District Judge. The oratrix, Jennie Bellows, and Edward Bellows, were each, among others, legatees of money in the will of Hiram Bellows, in which Susan B. Bellows was residuary legatee, and in the will of Susan B. Bellows, in which Margaret B. Sowles was residuary legatee, of both of which Edward A. Sowles, husband of Margaret B. Sowles, was executor. The probate court having jurisdiction, on representation of much more than sufficient

assets to pay all the specific and general legacies, without any inventory, which was expressly waived by Margaret B. Sowles, on March 31, 1881, ordered the executor to pay the several legacies, and decreed the residue of the estate of Hiram Bellows to him as executor of the will of Susan B. Bellows, and the residue of her estate to Margaret B. Sowles, who thus became residuary legatee of the whole. The oratrix, in her own right, and as "assignee of Jennie Bellows and Edward Bellows," brought this bill in the court of chancery of the state alleging that the executor "has paid and discharged a large number of legacies, and there are a large number in each of said wills, for said executor to pay, which remain unpaid," and that he is insolvent, to reach alleged assets transferred by him in 1884 to the First National Bank of St. Albans on his individual indebtedness. Margaret B. Sowles brought suit to reach the same property, recovered for a part of it, and failed as to the rest. Sowles v. Witters, 39 Fed. Rep. 403. The evidence and decree in that case have been filed in evidence in this, which show the facts relating to the situation and transfer of the assets substantially as there stated. The oratrix alleges nothing in respect to her rights as assignee, or the payment or nonpayment of legacies by the executor, except as before quoted. The answers add nothing to the bill in this respect, if they could. She can stand only upon the allegations, (Adams v. Adams, 22 Vt. 59;) and these do not set forth but that her legacy, and those of her assignors, are among those fully paid. She has, therefore, no standing, upon her bill, with reference to any assets. This, of itself, is a sufficient ground for dismissing the bill. If the proofs could properly be gone into as to this, however, her legacy is nearly, and perhaps wholly, satisfied. No assignment is shown, and nothing appears as to what she is assignee of, or whether she has anything in that behalf sufficient to give her any right to any of the assets.

The bill seems to be framed upon the idea that equitable claims to assets of estates are sufficient for bringing them into chancery for distribution. However this may have been in England, and may be in some of the states, it is not so in Vermont. The jurisdiction of the probate courts in the settlement of estates in that state is exclusive. Adams v. Adams, 22 Vt. 51. And, although the statutes of the states cannot restrict the equity jurisdiction of the courts of the United States, the rights of parties, as they are given or restricted by the exclusive jurisdiction of the probate courts of the states, are fully recognized in those courts. Tate v. Norton, 94 U. S. 746.

The oratrix further alleges that all the legacies were "liens" upon the property of the estates, and relies upon the terms of the wills, and Lewis v. Darling, 16 How. 1, to make this out. None of the legacies are made a charge upon any of the property. The lien is claimed to arise out of the giving of the legacies to the general legatees, and the remainder to the residuary legatees. As the residuary legatee is only to have what there is beyond the legacies to others, that share is always subject to the other legacies. Lewis v. Darling was brought against the husband of the residuary legatee,

who had the whole estate. What was said about the lien of the legacy related to that property, so situated. Such lien exists only between the residuary legatee and the others, and rests wholly upon property that has come to the residuary legatee. In Dunbar v. Dunbar, 3 Vt. 472; Scott v. Patchin, 54 Vt. 253; Casey v. Casey, 55 Vt. 518; and Lovejoy v. Raymond, 58 Vt. 510, 2 Atl. Rep. 156,—the liens enforced were created by express charge upon the property. All this property sought here to be reached came to the bank directly from Edward A. Sowles,—a part from him individually, and the rest from him as executor. That part which came from him individually had been converted to his own use before the decree of the probate court, and stood in his own name at the time of conveyance. Margaret B. Sowles was the residuary legatee of both estates; recovered in her suit before mentioned a part, and for the rest, of that which came from him as executor. Sowles v. Witters, 39 Fed. Rep. 403. The oratrix has not alleged nor proved but that the other property of the estates has come to the residuary legatee, nor but that she has it yet, nor that she is insolvent. The oratrix had no lien, as such, upon any of this property in the hands of the executor or of the bank, and shows no ground for recovering it again of the bank or the receiver. The residuary legatee recovered what she did in her own right, and it has to some extent been, by further proceedings, applied upon her debt to the receiver, for which it was liable, the same as any of her property, so far as appears. It was decreed to her by the probate court, and the oratrix, whether her legacy is paid or not, shows no ground for following it into other hands. The settlement of the executor's account, and the decree of distribution, such as they came to be, were made upon due notice, and were binding upon all, in respect to the amount in the executor's hands for distribution, as proceedings in rem. 2 Redf. Wills, 895. He was liable to be charged for the amount of the assets of the estates which had been converted by him, and changed into property in his own name. He was exonerated from such specific charge, leaving the property in him as his own. Sowles v. Witters, 39 Fed. Rep. 403. He was, however, in effect, charged with it, by being ordered to pay legacies to a much greater amount. This was in reality a judgment against him for the value of the property, and, according to many authorities, merged the claim in the judgment, and made the property his. 2 Kent, Comm. 387; Adams v. Broughton, 2 Strange, 1078. He would be entitled to the property to pay the legacies with, to the extent required; and, according to all authorities observed, it would become his as fast as he should pay them. Steam Stone-Cutter Co. v. Windsor Manuf'g Co., 17 Blatchf. 24. He had paid them to an amount much greater than this property, and, so far as is shown, appears to have been well entitled to the property, and to the right to dispose of it as his own.

Moreover, several rights to proceed in equity or at law against the executor for the recovery of the legacies in these wills accrued to each of the legatees, so far as has been shown, when they were ordered to be paid by the probate court, on March 31, 1881. Bellows v. Sowles, 57 Vt. 411; Weeks v. Sowles, 58 Vt. 696, 6 Atl. Rep. 603.

The conveyances to the bank are alleged to have been made in January, February, and March, 1884, and this suit was commenced March 26, 1890. No allegation of insolvency of the executor prior to the bringing of this bill is alleged, and this property appears to have been but a small part of the estates. In view of these dates and circumstances, this claim seems quite stale. The bill is dismissed as to the defendant Witters, and the residue of the cause is remanded to the court of chancery of the state, from which it was removed.