IN RE HARRIET A. WELCH'S WILL: HARRIET ELLA HUBBARD FIELD, petitioner; HARRIET ANNA HUBBARD, appellant.

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Appeals from Probate—Security for Costs—Right to Jury Trial—Common Law Pleadings Inapplicable.*

The testatrix bequeathed a legacy to her "niece, Harriet Ellen Hubbard." The probate court first decreed the legacy to the appellant but afterwards ordered it paid to the petitioner. The appellant brought the case to the county court and obtained an order that the petitioner furnish security for costs. *Held*, that the order was unauthorized.

The appellant filed a plea alleging that the petitioner was not the person designated by the testatrix in the legacy. On demurrer, the plea was adjudged insufficient, for the proceeding is *in rem* to determine who, if any one, is entitled, and the common law method of reducing the inquiry to a single issue is inapplicable.

There is, in such cases, no constitutional right to a trial by jury, and the county court has discretionary power, under V. S. 1437, to order a reference.

V. S. 2595 and 1437 construed.

APPEAL FROM PROBATE. Heard at the June Term, 1896, Addison County, *Rowell*, J., presiding, on motion of the appellant that the petitioner be ordered to furnish security for costs which motion was granted as matter of right, and on demurrer to the appellant's plea, which was overruled and the plea adjudged sufficient, and upon the appellant's motion for a trial by jury which was granted as a matter of right. All said rulings were *pro forma.* The petitioner excepted and the cause was passed to this court for determination upon said exceptions before final judgment.

The case is stated in the opinion.

*Stewart & Wilds* for the petitioner.

The appellant seeks to raise an issue of fact by pleading that the petitioner was not the person designated by the testatrix. To this plea the petitioner demurred. The proceeding does not admit of pleadings in this form and the demurrer should have been sustained.

There is no constitutional right to a trial by jury in this class of cases. Such was not the course at common law. *Sparhawk* v. *Buell*, 9 Vt. 41; *Howard* v. *Brown*, 11 Vt. 361; *Bellows* v. *Sowles*, 57 Vt. 411; *Weeks* v. *Sowles*, 58 Vt. 696; *Deeks* v. *Strutt*, 5 T. R 690; *Norris* v. *Hemingway*, 1 Hagg. Ecc. 4; *Capel* v. *Robarts*, 3 Hagg. Ecc. 161.

But if the construction of this will was a "question of fact" within the meaning of V. S. 2595 then V. S. 1437 applies and the county court has power to refer the case.

There was no authority for ordering the petitioner to furnish security for costs. V. S. 1408, 2345.

*Bliss & Deberville* for the appellant.

The appellant is entitled to security for costs. V. S. 2345, 1408, 2596, 2589. *Brigham's Heirs* v. *Brigham's Exrs.*, 15 Vt. 788; *Sargeant* v. *Sargeant's Exrs.*, 18 Vt. 330; *Bliss* v. *Little's Est.*, 64 Vt. 133; Rules of Court, No. 18; *Doane* v. *Doane*, 33 Vt. 644.

The plea was sufficient. It presented a decisive question

of fact upon which issue could be joined and a trial had by jury pursuant to V. S. 2595.

Upon this question of fact the appellant is entitled to a trial by jury. V. S. 2595; Bill of Rights, Art. 12; Const. Vt. c. 2, § 31; *Huntington* v. *Bishop*, 5 Vt. 192; *Plimpton* v. *Somerset*, 33 Vt. 283; *State* v. *Peterson*, 41 Vt. 512; *In re Weatherhead*, 53 Vt. 653; *Lynde* v. *Davenport*, 57 Vt. 597; *Missionary Society* v. *Eells*, 68 Vt. 497, 513; *Ayres* v. *Weed*, 16 Conn. 291, 298; *Patch* v. *White*, 117 U. S. 210–817; *Venor* v. *Henry*, 3 Watts (Pa.) 385; Thomp. Trials, §§ 1083, 1333; *Maeck* v. *Nason*, 21 Vt. 115; *Backus* v. *Chapman*, 111 Mass. 386; *Cleverly* v. *Cleverly*, 124 Mass. 314, 316; *Thomas* v. *Thomas*, 6 T. R. 671.

V. S. 1437 can have no such sweeping effect as is claimed by the petitioner. Whenever "any issue of fact proper for the cognizance of a jury is joined in a court of law," recognized by legislature and court to be such, the constitutional right attaches. "Trials of issues proper for the cognizance of a jury * * * shall be by jury." This language looks to the future. The right is not to be abrogated by implication. *Huntington* v. *Bishop*, 5 Vt. 192; *Plimpton* v. *Somerset*, 33 Vt. 283; *Lynde* v. *Davenport*, 57 Vt. 597.

Ross, C. J. By the will of Harriet A. Welch, which was duly probated, a legacy of five hundred dollars is given to Harriet Ellen Hubbard, a niece of the testatrix.

The probate court decreed this legacy to Harriet E. Hubbard, a niece of the testatrix, May 20, 1895. No niece of the testatrix, bearing the name of Harriet Ellen Hubbard, appearing to claim the legacy, October 4, 1895, Harriet Ella Hubbard Field, a niece of the testatrix, filed her petition in the probate court setting forth, that she is the person designated in the will, and that Harriet Anna Hubbard, also a niece of the testatrix, asserts that she is the person designated; that by reason of the uncertainty in the identification of the legatee named in the will and decree, the

executors refuse to pay the legacy to the petitioner, and praying that the decree of May 20, 1895, be so corrected as to designate the petitioner as the distributee entitled to the legacy. On December 2, 1895, on hearing, the probate court decreed that the executors pay the legacy to the petitioner. Nothing being shown to the contrary, it is to be presumed that due notice of this application and hearing were given. Harriet Anna Hubbard claiming to be aggrieved by the decree, brought the matter to the county court by appeal. In the county court, on motion of the appellant, the petitioner, against her exception, was ordered to furnish security to the appellant for costs.

(1) Had the county court the legal power to make this order? It is only by force of statute that costs are allowed; *Tyler* v. *Frost*, 48 Vt. 486; or that a court has the right to require a party in a proceeding before it to give security for their payment. None of the sections of the statute, 2345, 1408, 2596, 2589, called to our attention by the appellant, give the court any power to require the petitioner to furnish security for the payment of costs. We are not aware that any such statute exists. The petition was not required to have, and did not have, any citation attached requiring the appellant to appear and answer before the probate court, and for this reason does not come within the provisions of § 2345. Section 1408, when in a pending case it is found that the recognizance taken for the payment of costs is insufficient, authorizes the court to order additional security for their payment to be given. V. S. 2589 requires the appellant to give to the court a bond to prosecute her appeal to effect and pay intervening damages and costs occasioned by the appeal. Section 2596 gives the supreme and county courts, in appeals from the probate court, power to tax or deny costs to the prevailing party. If under this section the county court might in its discretion, allow costs against the petitioner, if the appellant prevails, the section gives it no

power to require the petitioner to furnish security for their payment. This exception is sustained.

(2)  The appellant filed a plea alleging that the petitioner is not the person designated by the testatrix in the legacy. The plea is demurred to. Was it sufficient? In appeals from the probate court, the county court acts as a higher probate court. *Adams* v. *Adams*, 21 Vt. 162; *Holmes* v. *Holmes*, 26 Vt. 536; *Hilliard* v. *McDaniels*, 48 Vt. 122. It took by the appeal for determination and decision the identical matter which was before the probate court. The probate court had in hand the estate of the testatrix for distribution, in accordance with her will. By the will, a legacy of five hundred dollars is given a niece of the testatrix, called Harriet Ellen Hubbard. No niece answering that name in full appears to claim the legacy, nor is known to exist. The petitioner and appellant each bear some portion of the name. Whether the testatrix had other nieces which bear some portion of the name does not appear. It was for the probate court to determine, on proper investigation, whether the testatrix intended the legacy for the petitioner, the appellant, or some other niece bearing some portion of the name; or whether the legatee was so imperfectly and inaptly designated, that the legacy is void and becomes a part of the residue of the estate. No other determination would fully ascertain, and enable it to decree, the disposition which the executors should make of this five hundred dollars. The investigation by the county court, as a higher court of probate, must be as broad and cover the same ground as did the investigation in the probate court, to enable it correctly to determine and decree what is to be done with this legacy. It must fully determine and decree in regard to its disposition and certify its determination and decree to the probate court.

The plea of the appellant covered only a portion of the inquiry and investigation brought by the appeal to the county court for determination and decree. The plea might

be found to be true, and the county court would have advanced only one step in the required investigation and determination. Hence it should have been adjudged insufficient on demurrer. The proceeding, in both courts, is in the nature of a proceeding *in rem;* namely, what shall the executors be ordered to do with that portion of the estate included in the legacy? Upon it, the decree would operate as well as upon the persons in contention in regard to it. The investigation was of such a character that the common law rules of pleading, which demand that a single issue shall be framed and joined, did not apply.

(3) The appellant moved for a trial by the jury; the petitioner for a trial by the court, or, if the court held that under V. S. 2595 there was a question of fact to be decided and an issue could be joined thereon suitable for the jury, then that, under V. S. 1437, the court in its discretion should appoint a referee to try the same. The court *pro forma,* as in its other rulings, held that the appellant had the right to a trial by the jury and that it could not legally exercise its discretion to appoint a referee. This holding was against the exception of the petitioner. In appeals from the probate court, V. S. 2595, provides: "When such certified copy is filed in the county court, it shall try the question; and if a question of fact is to be decided, issue may be joined thereon under direction of the court and a trial had by jury." As shown in considering the previous point, the final adjudication and determination in regard to the order which the court should issue to the executors for the payment of that part of the estate included in this legacy might involve inquiry into a number of facts. It would be difficult if not impossible, under rules of pleading at common law, to frame a single issue which would determine the question. Several issues might be framed by which a special verdict by the jury might determine all the facts necessary to enable the court to decide the question. While, whether the petitioner, the appellant, or some other niece of the testatrix, is the

legatee intended by the testatrix, or whether the legatee could not be identified, are questions of fact, yet the determination of how many of them might be required to enable the court to make the proper order and judgment, could not be ascertained in advance of the trial.

It is evident from the language used, V. S. 2595 contemplates a case which can be fully determined by issues joined. Those issues might be joined on several counts embracing different matters involving the determination of several facts, but, from their determination the jury must be able to say that one of the parties to the issues, conclusively, is entitled to recover. The only parties appearing upon the record are the petitioner and appellant. Yet the facts established by the inquiry presented might conclusively show that neither of the parties are entitled to this legacy. Such is likely to be the result where the proceeding is, as this is, in the nature of· a proceeding *in rem;* or to determine the identity of one out of a class to whom a portion of an estate is given; or, whether the description of the legatee, aided by extraneous, relevant facts, is so indefinite that the intended legatee cannot be ascertained with certainty, and, for that reason, the legacy fails and the sum appropriated falls into the residue. Such inquiries in England were not made on issues joined in the common law courts, but were conducted either in the ecclesiastical court or in the courts of equity, in neither of which was a jury available to a party as a matter of right. *Sparhawk* v. *Buell*, 9 Vt. 41; *Howard* v. *Brown*, 11 Vt. 361; *Plimpton* v. *Somerset*, 33 Vt. 283; *In re Weatherhead*, 53 Vt. 653; *Bellows* v. *Sowles*, 57 Vt. 411; *Lynde* v. *Davenport*, 57 Vt. 597; *Weeks* v. *Sowles*, 58 Vt. 696; I Story, Eq. Jur 552 to 595; I Pom. Eq. § 156; III Id. § 1155; Chitty, Pl. 101; *Deek* v. *Strutt*, 5 T. R. 690; *Norris* v. *Hemingway*, 1 Hagg. Ecc. 4; *Capel* v. *Robarts*, 3 Hagg. Ecc. 161. It is abundantly settled by the decisions of this court above cited that the constitutional right to a trial by jury secured by the twelfth article of the bill of rights and

thirty-first section of chapter two of the constitution does not apply to questions raised in bills in equity, proceedings in admiralty and in probate. Very little in elucidation of when this right does and when it does not attach would be added by a review of these decisions. They uniformly hold that if the right of trial by jury attaches to such proceedings it is because conferred by statute, and not because secured by the bill of rights and constitution. Hence, were the contention sustainable, that V. S. 2595 confers the right of trial in this case by jury, it being a right conferred by statute, and not one secured by the constitution, it follows from V. S. 1437, which reads, "The supreme or county court may, in an action pending therein, when the issue is not such as to entitle the parties as matter of right under the constitution to trial by jury, appoint one or more referees to try and determine such issue, and may, by agreement of parties, appoint such referees in any cause pending in such courts," the county court had the discretionary power to appoint a referee to try and determine the issue. V. S. 1437 was passed subsequently to V. S. 2595 and qualifies the right of trial by jury conferred by the latter section when the same is not secured by the constitution.

*Judgment reversed and cause remanded.*