JOHN W. CRAMPTON, assignee, *vs.* ESTATE OF D. L. KENT & Co.

October Term, 1896.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

*Claim Provable in Insolvency.*

A claim in favor of one insolvent firm is provable against the estate of another insolvent firm, although members of one are also members of the other, the business of the two firms being separate and distinct.

GENERAL ASSUMPSIT. The defendant filed two special pleas, to each of which the plaintiff demurred generally. Heard on demurrer at the June Term, 1896, Bennington County, *Start*, J., presiding. Demurrer overruled and pleas adjudged sufficient. The plaintiff excepted.

*Batchelder & Bates* for the plaintiff.

It must be considered that each firm carried on a separate and distinct business.

The defendant invokes a principle which is not applicable to this case. That principle is, that a firm is not permitted to prove a claim against the private estate of one of its own insolvent partners in competition with the general creditors of the firm, and, consequently, that a partner is not permitted to prove a claim against the insolvent firm of which he is a member. If the plaintiff's firm were a member of the defendant firm, or *vice versa*, this principle might apply. But that is not the case. The plaintiff does not ask to have the assets of the defendant firm distributed among the creditors of any of its individual members. . He seeks to prove a claim of the insolvent firm of S. F. Prince & Co. against the defendant firm, the dividend on which will go to the creditors of S. F. Prince & Co. His right to have this done is fully supported by text books and decisions.

*Somerset Potters Works* v. *Minot,* 10 Cush. 592; V. S. 2164; Parsons, Partnership, *pp. 480, 501; II Bates, Partnership, 490; *Re Buckhause Ex parte Flynn,* 2 Lowell Dec. 331; Cook, Bankr. Laws, 534; *M' Canly* v. *M' Farlane,* 2 Desaus. 239; *Hayes* v. *Heyer,* 35 N. Y. 326; *Ex parte St. Barbe,* 11 Ves. 413; *Ex parte Hesham,* 1 Rose B. C. 146; *Ex parte Hargreaves,* 1 Cox Ch. Cas. 440.

*Butler & Moloney* for the defendant.

An insolvent firm cannot compete with its own creditors. A firm cannot prove a claim against the individual estate of one of its partners, nor can a member prove a claim against his firm. This rule is recognized in *Somerset Potters Works* v. *Minot,* 10 Cush. 592; *Murrill* v. *Neill,* 8 How. 421; *Amsinck* v. *Bean,* 22 Wall. 395; *Washburn* v. *Bank of Bellows Falls,* 19 Vt. 278; *Bardwell* v. *Perry,* 19 Vt. 292.

Insolvency ends the joint relation, and it is not material whether the firms were partners with each other. No adjudged case has recognized this distinction. *Ex parte Williams,* 3 M., D. & De. G. 433; *Ex parte Sillitoe,* 1 Gl. & Jam. 382; *Ex parte Hargreaves,* 1 Cox Ch. Cas. 440.

TYLER, J. The plaintiff, as assignee of the insolvent estate of S. F. Prince & Co., filed a claim in the court of insolvency against the insolvent estate of D. L. Kent & Co. The claim was disallowed and the plaintiff appealed to the county court where he filed a declaration in the common counts in assumpsit and the defendant filed two pleas thereto, the first alleging that the claimant was a co-partnership composed of Samuel F. Prince, John F. Prince and Charles B. Kent, and that the defendant was a co-partnership composed of the same Samuel F. Prince and John F. Prince; that during the time when the alleged causes of action accrued both firms were engaged in the business of quarrying, manufacturing and selling marble at Dorset in this State and had mutual dealings; that advancements and loans of money and advancements, loans and sales of

marble were, during that time, made between the two firms so composed in respect to members, and that the alleged causes of action accrued solely by reason of such loans, sales and advances, and claimed that the demands, for the reasons alleged, were not provable. The second plea differs from the first only in that it alleges that E. L. Hawley was also a member of the claimant firm.

The plaintiff demurred to both pleas and the case comes here upon the judgment of the court below overruling the demurrer and adjudging the pleas sufficient.

The only question presented is, whether the assignee of one insolvent firm composed of the three or four persons named in the pleas can prove a claim against another insolvent firm which is composed of two of the members of the claimant firm. It must be understood by the pleas that the claimant firm was engaged in a business separate and distinct from that of the defendant.

The claim that is sought to be proved is a debt due to the firm of S. F. Prince & Co. from the firm of D. L. Kent & Co., and therefore is not affected by the rule that a partnership firm cannot prove a claim against the individual estate of an insolvent partner, nor by the rule that a member of a firm cannot prove a claim against the firm of which he is a member. The case presents no question as to the liability of the property of individual members of the defendant firm for the payment of the claim, nor of the right of individual members of the claimant firm to share in the assets of the defendant. Whatever dividend may be received for the claimant firm will not be for the benefit of its individual members nor for their creditors, but for the benefit of the creditors of the claimant firm.

Section 2164, V. S., provides that the net proceeds of the property of the insolvent partnership shall be appropriated to the payment of the creditors of such partnership, and that the net proceeds of the separate estate of each partner shall be appropriated to the payment of his separate

creditors, which is for the reason that credit was presumably given by partnership and private creditors, respectively, by reason of their reliance upon partnership and private assets, which, by the credit given, they have respectively increased. This statute is founded upon the equitable rule given by Lord Hardwicke in *Twiss* v. *Massey*, 1 Atk. 67, that joint creditors, as they gave credit to the joint estate, have first their demand on the joint estate; and separate creditors, as they gave credit to the separate estate, have first their demand on the separate estate.

The firm of S. F. Prince & Co. being a creditor of the defendant, and all dividends recovered being for the claimant's creditors, the claim is provable. This holding is in accordance with *Somerset Potters Works* v. *Minot*, 10 Cush. 592, and the other Massachusetts cases cited by counsel, decided under a statute like our own, also with the elementary works upon partnership, cited.

> *Judgment reversed; demurrer sustained; pleas adjudged insufficient and cause remanded.*