J. W. CRAMPTON, assignee, apt., *vs.* J. B. HOLLISTER, assignee.

May Term, 1898.

Present: Ross, C. J., ROWELL, TYLER, START and THOMPSON, JJ.

*V. S. 1437, 2088—No Right to Trial by Jury in Insolvency Appeals—Cons. of Vt. Chap. 1, Art. 12; Chap 2. § 31.*

The county court has power under V. S. 1437, against the objection of parties, to refer appeals from the court of insolvency involving the validity and amount of claims against the insolvent estate.

The right to trial by jury guaranteed by the constitution of Vermont applies only to cases in which that right was enjoyed at common law or by the usage and laws of this State when the constitution was adopted.

There was no court of insolvency in this State when the constitution was adopted, unless the English acts of parliament upon that subject could be held to be in force here as not repugnant to our institutions and circumstances, and even those acts did not contemplate a trial by jury in cases like the present.

In appeals from the court of insolvency the county courts are higher courts of insolvency.

The right of trial by jury in this class of appeals, given by V. S. 2088, originally enacted in 1876, not being a right secured to the party by the constitution, could be and was modified by V. S. 1437, enacted in 1884.

APPEAL from the court of insolvency. Declaration, the common courts in assumpsit. Plea, the general issue and notice. Heard upon the defendant's motion to refer the case under V. S. 1437, at the December Term, 1897, Bennington County, *Taft*, J., presiding. Motion granted. The plaintiff excepted, and the cause was passed to this court for decision before trial should be had before the referee.

*Batchelder & Bates* for the plaintiff.

It is unimportant that the insolvency statute has been enacted since the adoption of the constitution. The cause is one which in its nature is triable by jury, and that is the true test. Those states which have sustained compulsory references are states in which such references were customary and lawful at the time of the adoption of their constitutions. In Vermont a cause of this nature, general assumpsit, was triable by jury as a matter of right at the date of the adoption of our constitution.

See Cons. of Vt., Chap. 1, Art. 12; Chap. 2, § 31; *East Kingston* v. *Towle*, 48 N. H. 64; *Copp* v. *Henniker*, 55 N. H. 179; *Hall* v. *Armstrong*, 65 Vt. 421; *City Council* v. *O'Donnell*, 29 So. Car. 355; *Smith* v. *Rowe*, 4 Cal. 6; *Grim* v. *Norris*, 19 Cal. 140; *Gaston* v. *Babcock*, 6 Wis. 505; *Stilwell* v. *Kellogg*, 14 Wis. 461; *Johnson* v. *Wallace*, 7 Ohio 392; *Tribou* v. *Strowbridge*, 7 Ore. 156; *Kinkaid* v. *Hiatt*, 24 Neb. 562; *McMartin* v. *Bingham*, 27 Iowa 234; *Plimpton* v. *Somerset*, 33 Vt. 283.

*Butler & Moloney* and *W. H. Bliss* for the defendant.

Ross, C. J. The question is whether the county court under V. S. 1437 had power, against the objection of the plaintiff, to refer the case.

This statute gives courts discretionary power to refer all causes to referees to try and determine the issues, "when the issue of fact is not such as to entitle the parties as a matter of right under the constitution to trial by jury." The exercise of this power does not depend upon the form of the action or pleadings, but upon whether the action is one in which, by the common law, as by the laws and usages of the State, at the time the constitution was adopted, the parties had the right of trial by jury. If at that time the parties had the right to try the cause by jury, the constitution secures such right to them and in terms V. S. 1437 leaves that right to be enjoyed by them.

But if at that time, this action is such that as a historical fact, neither by the common law nor by the usages and laws of the State, the parties had the right to try it by jury, then the court had, by virtue of V. S. 1437, the power to refer it. *Plimpton* v. *Somerset*, 33 Vt. 283; *In re Weatherhead*, 53 Vt. 653; *Lynde* v. *Davenport*, 57 Vt. 597; *Hall* v. *Armstrong*, 65 Vt. 421; *In re Harriet A. Welch's Will*, 69 Vt. 127.

This brings us to inquire into the nature of this action. This case was before this court, as found in 69 Vt. 228. It there appears that it is a proceeding in insolvency to have determined the sum due the insolvent estate represented by the plaintiff as assignee, from the insolvent estate represented by the defendant as assignee. Such proceedings, like proceedings to settle the estate of a deceased person, partake of the nature of proceedings *in rem*. By the adjudication of insolvency the insolvent's property, available for the payment of his debts, became vested in the assignee who might thereafter be legally appointed. Such assignee is charged with the duty of gathering such estate, of converting it into money, and of distributing it under order of the court, ratably among the insolvent's creditors legally entitled thereto. It is not strictly a suit at law between parties. At the time the constitution of the State was adopted, no law nor usage pertaining to such proceedings existed. The right to establish courts of insolvency and to regulate insolvency proceedings was reserved to the national government. The states have only the right to establish such courts and regulate their proceedings when the national government fails to exercise its reserved right. The present insolvency law of the State was enacted in 1876, when the national bankrupt law was in operation, and became operative when the national law was repealed. *Baldwin* v. *Buswell*, 52 Vt. 57. This State had no compulsory insolvency law before that time.

When the State constitution was adopted there existed in England a bankrupt or insolvency law established by acts

of parliament. No such courts existed at common law. If it can be held that, under the national constitution and the then existing laws and usages of this State these acts of parliament were not repugnant to the institutions and conditions existing at the time our constitution was adopted, these acts of parliament, under our constitutional provisions in regard to the right of trial by jury, secured to the citizens of the State only such rights as the acts of parliament secured to citizens of England. These acts of parliament did not give the right of trial by jury in bankruptcy courts. Under these acts proceedings were instituted by a petition to the Lord Chancellor. He created a commission to determine whether an act of bankruptcy had been committed. If the bankruptcy was established, on an adjudication thereof the property of the bankrupt available for the payment of his debts passed to his assignees to be thereafter chosen by his creditors. The assignees were to gather his property, convert it into money and distribute it ratably to his creditors. The creditors were to establish their claims before the assignees. 2 Blackstone's Com. Chap. 31. Mr. Blackstone does not intimate that any person interested in such proceedings was entitled to a trial by the jury, unless possibly when the assignee claimed, or exercised, rights over the property of a third party, or had occasion to use the common law courts to establish his right to some of the property of the bankrupt. By the acts of parliament the proceedings were commenced and carried on in the court of equity, and were in the nature of proceedings *in rem* for the speedy distribution of the bankrupt estate among his creditors. As held in *Plimpton* v. *Somerset, supra,* "the chancery, admiralty and probate courts are not held to be, strictly speaking, courts of common law, and hence no jury intervenes in the trial of cases in those courts." By the act of 1876 probate courts are made courts of insolvency. In appeals from the court of insolvency, as the case at bar is, the county courts are higher courts of insolvency. The

right of trial by jury, at the time our constitution was adopted, in proceedings in bankruptcy or insolvency, did not exist either in this State nor at common law. Hence the right of trial by jury in this class of appeals in the county court given by V. S. 2088, in 1876, was not secured to the party by the constitution, and could be and was modified by V. S. 1437 in 1884. In referring the case, the county court only exercised the power conferred by V. S. 1437.

*Judgment affirmed and cause remanded.*